Heather C. Yakely, #28848
Kutak Rock LLP
510 W. Riverside, Suite 800
Spokane, WA 99201
(509) 747-4040; fax (509) 747-4545
Attorney for Defendants
heather.yakely@kutakrock.com

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT B. LUTZ, MD, MPH, a married man,<br><br>               Plaintiff,<br><br>   v.<br><br>SPOKANE REGIONAL HEALTH DISTRICT, a Washington State local public health agency; and AMELIA CLARK, an individual,<br><br>               Defendants. | Case No.:<br><br>Spokane County Superior Court Cause No.:  22-2-00404-32<br><br>CERTIFICATE OF HEATHER C. YAKELY |

I, Heather C. Yakely, certify under penalty of perjury under the laws of the United States and the State of Washington that the following is true and correct to the best of my knowledge:

I am the attorney of record for Defendants in the above-entitled matter and am competent to testify to the facts set forth herein;

Attached as Exhibit A is a true and correct copy of the Summons which was filed on February 8, 2022 and served on Defendants on or about February 9, 2022. Attached as Exhibit B is a true and correct copy of the Complaint which was filed on February 8, 2022 and served on Defendants on or about February 9, 2022.

CERTIFICATE OF HEATHER C. YAKELY - page 1

KUTAK ROCK LLP
Attorneys at Law
Cutter Tower
510 West Riverside Avenue
Suite 800
Spokane, Washington 99201-0506
(509) 747-4040

Dated: February 23, 2022.

KUTAK ROCK LLP

By   s/ Heather C. Yakely       
Heather C. Yakely, #28848
Attorneys for Defendants
510 W. Riverside Ave., Ste. 800
Spokane, WA 99201
(509) 747-4040
Heather.Yakely@kutakrock.com

KUTAK ROCK LLP
Attorneys at Law
Cutter Tower
510 West Riverside Avenue
Suite 800
Spokane, Washington 99201-0506
(509) 747-4040

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the state of Washington, that on February 23, 2022, the foregoing was delivered to the following persons in manner indicated:

| | | |
|---|---|---|
| Robert J. Carlson | Via Regular Mail | ☒ |
| Caleb A. Hatch | Via Electronic Mail | ☒ |
| Lee & Hayes, PC | Via Certified Mail | ☐ |
| 601 W. Riverside Ave., Ste. 1400 | Via Facsimile | ☐ |
| Spokane, WA 99201 | Hand Delivered | ☐ |
| 509-324-9256 | | |
| carlson@leehayes.com | | |
| caleb.hatch@leehayes.com | | |

*Attorneys for Plaintiff*


_____
Jaclyn Rouse, Legal Assistant to
HEATHER C. YAKELY

KUTAK ROCK LLP
Attorneys at Law
Cutter Tower
Suite 800
510 West Riverside Avenue
Spokane, Washington 99201-0506
(509) 747-4040

# Exhibit A



RECEIVED

FEB - 9 2022

SPOKANE REGIONAL
HEALTH DISTRICT

**COPY**
Original Filed

FEB 0 8 2022

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

ROBERT B. LUTZ, MD, MPH, a married man,

        Plaintiff,

vs.

SPOKANE REGIONAL HEALTH DISTRICT, a Washington State local public health agency; and AMELIA CLARK, an individual,

        Defendants.

No **22200404-32**

SUMMONS (20-DAYS)

TO DEFENDANTS: A lawsuit has been started against you in the above entitled court by Robert B. Lutz, MD, MPH, Plaintiff in this action. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what

SUMMONS - 1

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509)323-8979

he or she asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, Plaintiffs must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 8th day of February, 2022.

LEE & HAYES, P.C.

By: _____
Robert J. Carlson, WSBA # 18455
Caleb A. Hatch, WSBA # 51292
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Email: Carlson@LeeHayes.com
Email: Caleb.Hatch@LeeHayes.com

*Attorneys for Plaintiff*

SUMMONS - 2

# Exhibit B



RECEIVED

FEB - 9 2022

SPOKANE REGIONAL
HEALTH DISTRICT

**COPY**
Original Filed

FEB 0 8 2022

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

ROBERT B. LUTZ, MD, MPH, a married man,

        Plaintiff,

    vs.

SPOKANE REGIONAL HEALTH DISTRICT, a Washington State local public health agency; and AMELIA CLARK, an individual,

        Defendants.

NO. **22200404-32**

COMPLAINT

## I.    **INTRODUCTION**

Plaintiff Robert B. Lutz, MD, MPH, for his complaint against the Defendants, states and alleges as follows:

## II.    **PARTIES**

1.    Plaintiff Robert B. Lutz, MD, MPH, ("Dr. Lutz") a married individual, is now and was at all times material, a resident of Spokane County, Washington.

2.    Defendant Spokane Regional Health District ("SRHD") is now and was at all times material a Washington State local public health agency authorized to do business and transact business in Spokane County, Washington.

COMPLAINT- 1

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

3.     Upon information and belief, Defendant Amelia Clark is an individual that is now and was at all times material, a resident of Spokane County, Washington.

### III.     JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to RCW 2.08.010 and venue is proper in Spokane County pursuant to RCW 4.12.020 and RCW 4.12.025.

### IV.     STATUTORY PRE-REQUISITES

5.     For purposes of commencing a lawsuit against a local government entity, on October 8, 2021, Plaintiff submitted an administrative tort claim with the SRHD, conforming to the requirements of RCW 4.96 *et al.*

6.     Plaintiff has allowed at least sixty (60) days to expire between the date of the submission of the administrative tort claim to SRHD and the filing of this action.

### V.     FACTS

7.     Dr. Lutz is a graduate of Temple University School of Medicine. Subsequently, he graduated from the University of Arizona as one of the founding fellows in an emerging field of medicine – Integrative Medicine, that looks to combine the best of conventional western medicine with other fields, such as TCM, manual medicine, Naturopathy, and other disciplines. Dr. Lutz also pursued his master's in public health, with a focus on epidemiology while at the University of Arizona.

8.     Upon completion of a Family Medicine Residency and Sports Medicine Fellowship, Dr. Lutz received Board Certification, which he currently maintains, and a Certificate of Added Qualification.

**Spokane Regional Health District.**

9.     The SRHD is one of 35 local public health agencies serving Washington state's 39 counties. The agency was originally established as the Spokane County Health District in

COMPLAINT- 2

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

January 1970. In 1994, the agency's official name was changed to Spokane Regional Health District to reflect the increased scope of public health services and geographic coverage.

10. The SRHD is run by the Spokane Regional Health District Board of Health ("SRHD Board") whose primary purpose is to act as the governing body of the SRHD and, among other things, "to create and promote prudent public health policy within the Spokane area health district." The SRHD Board has a governance function for the agency, but it does not direct public health policy for Spokane County.

11. In 2016, the SRHD Board adopted a new organizational structure and implemented modified Bylaws.

12. SRHD's bylaws did not require that anyone with medical or public health experience must be on the Board, despite one of its primary purposes being to "to create and promote prudent public health policy within the Spokane area health district."

13. Only the Local Health Officer ("LHO") was required to be "trained and experienced in public health."

14. This was true the entire time Dr. Lutz served as the LHO. The LHO's role was thus critical given the political nature of the SRHD's governing Board.

15. The SRHD's modified bylaws also provided that an administrator should be the director of the SRHD and report to the SRHD Board. This Administrative Officer ("AO") serves "at the pleasure of the Board" and also serves as the Executive Secretary of the Board.

16. Regarding duties of the LHO, the SRHD bylaws state:

> Article VI – District Health Office (RCW 70.05.070) – The District Health Officer shall perform such duties as are provided by law and directed by the Administrator. He/she shall be responsible to the Administrator for his/her official actions.

17. The SRHD Board also modified the bylaws to align with Washington law, requiring that the LHO could neither be hired/fired without Board approval.

COMPLAINT- 3

18.     In contrast to the AO, who serves at "the pleasure of the Board," the bylaws as well as RCW 70.05 and RCW 34.05 require notice, a hearing, and SRHD Board approval prior to the LHO's termination.

**Dr. Lutz's Role at SRHD**

19.     On or about May 15, 2017, Dr. Lutz was hired by the SRHD Board to serve as the LHO.

20.     Dr. Lutz's job duties and responsibilities as LHO are detailed by the Washington State Legislature: RCW 70.05.070; WAC 246-101-505; and WAC 246-100-036.

21.     Neither the SRHD Board nor other employees it hired had the authority to restrict or limit Dr. Lutz's performance of these statutorily prescribed duties and obligations.

**Dr. Lutz's Job Performance from May 2017 – September 16, 2019**

22.     Dr. Lutz received an interim performance evaluation in January or February 2018 by his supervisor Torney Smith. Dr. Lutz received high marks across the board, with Mr. Smith finding that Dr. Lutz exceeded nominal requirements in all areas.

23.     Dr. Lutz' most recent performance evaluation occurred in November 2018. The rating system ranged from Exceptional, Achieves, Growth, and Unsatisfactory. Mr. Smith found that of the eighteen evaluated areas, Dr. Lutz had met goals and was rated as "Achieves" in sixteen. He was assessed as "Exceptional" in two areas ("Communication" and "Shares job knowledge with co-workers"). Regarding "areas of improvement," Mr. Smith advised Dr. Lutz to focus more on working through managers, as opposed to communicating directly to staff.

**Amelia Clark Hired as Administrative Officer**

24.     In 2019, SRHD began the process for locating a new AO largely without the help or involvement of Dr. Lutz. Dr. Lutz did not participate in the interview process.

COMPLAINT- 4

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

25. In August 2019, Amelia Clark was hired by the SRHD Board to act as the SRHD's AO.

26. In early 2020, Dr. Lutz met with AO Clark to review the LHO's professional goals for 2020, which she supported. Ms. Clark raised no performance issues or concerns.

**Gun Violence, Public Health, and Free Speech**

27. Advocacy to benefit the public health was more to Dr. Lutz than his job, it was a career-long passion. Thus, when asked or if an opportunity was presented, Dr. Lutz advocated for the health of the community, to include authoring Op-Ed pieces for publication in the Spokane Region to raise awareness of public health issues.

28. Despite Dr. Lutz's right and obligation as the LHO to engage in such advocacy, his views often met with resistance and outright hostility by some SRHD Board members, SRHD staff, and other elected officials in the region.

29. For example, as a veteran, medical doctor and public health official, Dr. Lutz knew first-hand the public health and safety issues surrounding guns and gun violence. He was a frequent and passionate advocate for gun safety.

30. However, Dr. Lutz's expression of his views on the issue were unpopular with some of the staff at SRHD, as well as certain SRHD Board members. Dr. Lutz was admonished by the interim AO in February 2019, for comments made during an all-staff meeting, at which time he stated suicide prevention could not be adequately addressed unless a primary means of suicide, i.e., firearms, was likewise addressed. Dr. Lutz was instructed that he would need to obtain approval from the SRHD Board before submitting any further Op-Ed pieces.

31. Subsequently, Dr. Lutz was told by Ms. Clark he was not to communicate with state representatives for Spokane County with whom he had previously communicated regarding firearm safety.

COMPLAINT- 5

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

**George Floyd, Racism, Public Health and Free Speech**

32.     On May 25, 2020, after the killing of George Floyd, Dr. Lutz authored an Op-Ed piece about structural racism and forwarded it to SRHD's public information officer, who reviewed and edited the piece and forwarded it to Ms. Clark.

33.     SRHD informed Dr. Lutz it would not approve this for publication with no explanation as to why and that he could not submit his Op-Ed for publication. No further information was provided at that time.

34.     On May 31, 2020, Dr. Lutz participated in a George Floyd – Black Lives Matter march, believing it a public health issue deserving his participation, and in doing so, he took appropriate precautions against COVID-19 spread (face covering; physical distancing).

35.     Dr. Lutz was subsequently told "the Board" was not happy with his participation.

36.     Despite the clear public health aspects of Dr. Lutz's Op-Ed draft and his participation in the march, some members of the SRHD Board were not pleased and voiced displeasure for Dr. Lutz taking this public health stance and action.

37.     Certain SRHD Board members were not happy with his race-related public health actions and attempted to intervene to get him to stop.

38.     In fact, Ms. Clark documented a meeting she had with Dr. Lutz where he was advised of the concerns SRHD Board members had about him attending the "peaceful race protest." Ms. Clark instructed Dr. Lutz to separate his personal views from actions that could be connected to SRHD.

39.     On July 25, 2020, the SRHD Board passed a resolution aimed at breaking the cycle of health inequity. In furtherance of this resolution, and in furtherance of duties as LHO, Dr. Lutz published an Op-Ed on August 9, 2020 entitled "COVID has exposed structural racism in public health system." This Op-Ed was submitted to and approved by Amelia Clark.

COMPLAINT- 6

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

40.     Dr. Lutz learned that Mr. Wick and Ms. Kuney of the SRHD Board questioned why Dr. Lutz had written about racism, instead of his decision to recommend schools reopen in remote learning, as recommended by the Department of Health. Dr. Lutz told Ms. Clark of his concern that these communications by SRHD Board members were an attempt to put political pressure on him.

41.     Dr. Lutz told Ms. Clark that he could and would also write a piece on education and thought co-authoring it with Maria Howard, PhD, who facilitated SRHD's ethics committee, would be a great opportunity of explaining the decision-making and inherent ethical tension behind it. Ms. Clark agreed to allow Dr. Lutz to write this piece.

42.     After the Op-Ed on education was published on August 23, 2020, Dr. Lutz received an email from Ms. Clark asking if the Op-Ed had in fact been published. Dr. Lutz stated it had been published, and that Ms. Clark had reviewed and approved its publishing. Ms. Clark replied that she had misunderstood its authorship and thought it was only coming from Dr. Howard. She wrote Dr. Lutz that "Board is unhappy with your Op-Ed pieces" and that SRHD needed to get out of politics. Ms. Clark told Dr. Lutz she did not want him writing further Op-Eds.

43.     During a heated SRHD Executive Committee of the Board meeting on September 17, 2020, the SRHD Board decided that Dr. Lutz could only continue to write Op-Ed pieces, so long as there was a disclaimer to the effect it represented solely Dr. Lutz's opinion and not that of SRHD or its Board.

**Dr. Lutz's Response to COVID-19**

44.     In February 2020, the nation was hit with the first wave of the COVID-19 pandemic.

COMPLAINT- 7

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

45.     On February 29, 2020, Gov. Jay Inslee declared a statewide emergency due to the spread of coronavirus (COVID-19).

46.     While Dr. Lutz had a significant amount of discretion as LHO, many of the decisions, statements and actions he would take were driven by directives from the state and federal governments, consistent with his statutory responsibilities to enforce the public health statutes of the state, rules of the state board of health and the secretary of health, and all local health rules, regulations and ordinances within his jurisdiction (RCW 70.05.070). At times, Dr. Lutz was publicly criticized by elected officials, business leaders and community members for actions he took in carrying out his duties as LHO. Undeterred, Dr. Lutz always looked to medical science and data to guide him in carrying out his prime directive – promote the public health.

47.     Almost immediately after Governor Inslee's COVID-19 declaration, decisions and actions taken by Dr. Lutz to protect the public health were met with resistance, as many had economic and social impacts on the businesses and citizens of the Spokane Region.

48.     In March 2020, Dr. Lutz was forced to cancel the Washington State Middle School Basketball Championships, based on risks to public health, including bringing thousands of people to Spokane from across the Pacific Northwest.

49.     The cancellation of this event was not viewed favorably by local officials.

50.     For example, Kate Hudson, Visit Spokane spokeswoman, said the cancellation would have a devastating economic impact on Spokane, which Spokane Mayor Nadine Woodward echoed in a news conference the same day. Dr. Lutz was further questioned about his intentions for the upcoming NCAA tournament given the expected economic impact. Dr. Lutz also received negative comments from SRHD Board members about the economic impact Dr. Lutz's order was having on the community.

COMPLAINT- 8

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

51. The message these officials were sending to Dr. Lutz was that regional economic impacts should be a primary factor in his public health decisions.

52. One March 17, 2020, local elected officials in the Spokane region declared states of emergency after Spokane's first COVID-19 case was reported on March 14, 2020. On March 20, 2020, Dr. Lutz also signed a Declaration of Public Health Emergency on behalf of SRHD.

53. On March 20, 2020, Dr. Lutz took another COVID-19 preventive measure as the LHO when he issued a directive regarding closing playgrounds.

54. Again, Dr. Lutz received push-back from some SRHD Board members regarding this decision, pushing for him to reopen the playgrounds, despite Dr. Lutz's understanding of the science at the time and his role as LHO that they had to be closed to address public health concerns raised by the potential rapid spread of the virus.

55. On March 23, 2020, Governor Inslee issued Washington's "Stay Home Stay Safe" Proclamation. Rather than discussing public-health related issues surrounding this Proclamation, the SRHD Board focused solely on economic and other impacts of the Order.

**Political Pressure to Reopen the Economy Despite Public Health Concerns; and Pressure to Fire Dr. Lutz**

56. On May 4, 2020, Governor Inslee released Washington's Phase Approach to reopening, which placed Spokane in the most restrictive Phase 1. Almost immediately, local elected officials, including some SRHD Board members, began to pressure Dr. Lutz to move Spokane to Phase 2.

57. The first set of criteria for counties to apply for a variance for Phase 2 required a population less than 75,000 and no cases over the preceding 2 weeks, criteria met by only 5 counties. Despite the fact that Spokane County could not meet these criteria, Dr. Lutz was pressured by Commissioner French (also a SRHD Board member) to immediately apply for a variance.

COMPLAINT- 9

58.     In response, Dr. Lutz discussed a variance request with the Governor's Eastern Washington representative, Adam McDaniel. Mr. McDaniel acknowledged that there was no process as yet defined, and that a request by Spokane to go to Phase 2 at the time would be refused. Dr. Lutz decided to proceed as urged by French and others; to request a variance; however, believing the process would serve to demonstrate to Spokane elected officials the need to follow DOH and Governor protocols, as well as an opportunity to start collecting materials and data that would possibly be used when subsequent criteria were released.

59.     As expected, Secretary of Health, John Weisman rejected the request on May 14, 2020.

60.     On May 19, 2020, the Governor announced expanded county variance criteria. Immediately, Commissioner French stated: "We want to be in Phase 2 before Memorial Day Weekend." Completely bypassing the SRHD and Dr. Lutz, Commissioner French and his fellow county commissioners passed a resolution on May 19, 2020 and penned a letter to the governor requesting that Spokane County be moved immediately into Phase 2.

61.     Dr. Lutz was told by Commissioner French and others that he needed to apply for a variance immediately. Commissioner French asked Dr. Lutz how long it would take to pull the materials together and was unhappy when told it would take a few days. Dr. Lutz and his SRHD team were expected to and did work through the weekend to pull all materials together, requiring staff to drop what they were doing to comply with Commissioner French's demand.

62.     On May 20, 2020, Dr. Lutz as LHO issued a directive regarding face coverings. Again, this public health decision was not supported by some members of the SRHD Board and other elected officials.

COMPLAINT- 10

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

63. On May 23, 2020, Spokane's request for a variance to move to Phase 2 was approved. Once the variance was approved, some officials began an immediate push to move to Phase 3 as soon as possible.

64. In early June 2020, SRHD Board members were receiving complaints from voters about Dr. Lutz and his COVID-19 related actions. One voter asked Commissioner French why Dr. Lutz has more power than the Board of County Commissioners. In another complaint, Commissioner French was told Dr. Lutz was "destroying business" and "must be gone now." Commissioner French caused these emails to be sent to Ms. Clark at SRHD, without copying Dr. Lutz.

65. On information and belief, Commissioner French (and others) wanted Dr. Lutz fired because, as LHO, his COVID-19 response actions were not in alignment with the economic and political views of certain SRHD Board members.

66. By mid-June 2020 there was mounting pressure on Dr. Lutz from a number of fronts, including certain members of the SRHD Board and the Mayor of Spokane, to move to Phase 3. As reported in the local media at the time, "elected leaders in Spokane County are pushing for a move into Phase 3 of reopening, despite the county's health officer expressing that the area isn't ready to move forward.".

67. Dr. Lutz was then summoned to a meeting on June 15, 2020, with Ms. Clark, SRHD Board Chair Wick and SRHD Vice Chair Commissioner Kuney. Dr. Lutz thought the purpose was to discuss open issues, but the meeting turned out to be a type of ad-hoc performance review.

68. Dr. Lutz had received no performance evaluation since Ms. Clark started, nor had there been any formal complaints or criticisms concerning his job performance during that time.

COMPLAINT- 11

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

69. This first "performance evaluation" followed Dr. Lutz publicly stating he felt the data did not warrant moving to Phase 3.

70. The next day, after the surprise "job performance" meeting, and ignoring the public statement of Dr. Lutz regarding the current situation and moving to Phase 3, on June 16, 2020, the Spokane County Board of Commissioners passed a unanimous resolution approving the drafting and signing of a letter to Dr. Lutz. The resolution demanded "begin the process of allowing Spokane County to move to Phase 3."

71. No members of the Spokane County Board of Commissioners were willing to discuss with Dr. Lutz the steps for transition to Phase 3, either in their capacity as Commissioners or as members of the SRHD Board.

72. After careful consideration of the request, weighing all available medical and scientific data and statistics, on June 18, 2020, Dr. Lutz declined to initiate a request to move to Phase 3 because the relevant metrics were not met. During this same time Dr. Lutz declined to initiate a request to move to Phase 3, Ms. Clark prepared a formal Performance Improvement Plan (PIP) and sent a draft of the same to Mr. Wick and Ms. Kuney for review and comment. Thereafter, Mr. Wick advised Ms. Clark that after he had spoken to SRHD's counsel and Ms. Kuney, they decided not to proceed with a PIP for Dr. Lutz.

73. On June 24, 2020, Dr. Lutz had a follow up meeting with Ms. Clark, Ms. Kuney and Mr. Wick. During this session and the follow-up, no performance plan was discussed. The only action item agreed to was restarting weekly one-on-one meetings between Ms. Clark and Dr. Lutz. Dr. Lutz's suggestion of hiring a facilitator to broker better communication between himself and Ms. Clark was considered a "waste of taxpayers' dollars" by Ms. Kuney.

74. Unbeknownst to Dr. Lutz, Ms. Clark prepared and circulated several draft documents to the SRHD Human Resources department, Ms. Kuney, and Mr. Wick; among these

COMPLAINT- 12

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

were draft documents including a performance improvement plan. While these draft documents were prepared by Ms. Clark for submission to Dr. Lutz, and ostensibly copied to Mr. Wick, Ms. Kuney and Dr. Lutz's "personnel file," they were never given to Dr. Lutz nor placed in his file.

**Pressure on Dr. Lutz Regarding Reopening Schools**

75. On August 3, 2020, Dr. Lutz, based on State DOH guidelines, strongly recommended that area schools begin their 2020-2021 academic year online.

76. On August 7, 2020, Ms. Clark again considered issuing Dr. Lutz a Performance Improvement Plan, the same one she considered giving him in June. As before, Ms. Clark elected not to provide this document to Dr. Lutz.

77. Instead, Dr. Lutz was informed by Ms. Clark she had heard from Mr. Wick and Ms. Kuney about his recommendations, wanting to know why he had made this decision.

**Dr. Lutz States Current Data May Require a Return to Phase 2.**

78. On October 14, 2020, just two weeks before he was fired, Dr. Lutz made statements to the press about the possible need to move back a phase due to recent COVID-19 data.

79. That same day, October 14, 2020, Ms. Kuney relayed a complaint she had received from a constituent about Dr. Lutz possibly sending Spokane back a phase, asking whether the Board of County Commissioners could do anything and asked if someone would stand up to this guy. Ms. Kuney promptly sent this "complaint" to Ms. Clark.

**October 29, 2020 -- SRHD Board Executive Session**

80. Unbeknownst to Dr. Lutz, on October 29, 2020, just shortly after stating Spokane may need to move back to Phase 2, the SRHD Board met with Ms. Clark and legal counsel concerning Dr. Lutz's job.

COMPLAINT- 13

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

81.     Dr. Lutz's personnel file contains no performance evaluations from Ms. Clark, and the only one that is in his file was the favorable evaluation provided in late 2018.

82.     Other than Ms. Clark's "personal file" of her own notes she maintained on Dr. Lutz, including select meeting notes and copies of select emails between Dr. Lutz and others, nothing in Dr. Lutz's personnel file suggests he was on the verge of being terminated for performance issues.

83.     The SRHD Board executive meeting was not public, and there was no public vote related to Dr. Lutz's job.

84.     Ms. Clark, however, left the executive meeting and prepared a PIP and warning letter. However, she also had prepared a Separation Agreement the day prior with SRHD legal counsel and additional counsel, ostensibly provided by the County.

85.     To date, neither any SRHD Board member nor Ms. Clark has explained who authorized this Separation Agreement, including the offer of $53,408.85 to Dr. Lutz in exchange for a full release of claims and confidentiality.

**Ms. Clark Fires Dr. Lutz**

86.     Ms. Clark asked Dr. Lutz to meet her at the end of the day on October 29, 2020. Also in attendance in the meeting was Ben Wick.

87.     At no point did Ms. Clark discuss a PIP, but instead read a list of alleged performance deficiencies, including events that had occurred months earlier, and indicated that she had been reviewing his email account. Dr. Lutz realized Ms. Clark wanted him gone and Board member Wick said nothing that contradicted this.

88.     At this meeting there was no discussion of a SRHD Board vote, no discussion of a warning letter and no discussion of any PIP.

COMPLAINT- 14

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

89.     Further, at no point was Dr. Lutz told that he was being placed on administrative leave, as Ms. Clark later claimed. Rather, Ms. Clark told Dr. Lutz that he was fired "effective immediately" and demanded his keys, laptop, credentials and all other SRHD materials. Dr. Lutz was also handed the Separation Agreement that had been prepared ahead of the meeting and was told he had until 4:00 pm the next day to sign it. Dr. Lutz was allowed to say goodbye to his assistant and call his wife to pick him up from SRHD, and then was escorted out of the building by Mr. Wick. SRHD's attorney, Michelle Fossum, confirmed in email the same day that Dr. Lutz had been fired.

90.     The next day, October 30, 2020, at 7:47 am, Ms. Clark sent an e-mail to SRHD staff, stating: "Yesterday, October 29 was Bob Lutz's last day at the Health District," directly refuting a claim later made by Ms. Clark that Dr. Lutz was on "administrative leave."

91.     Later that day, in what was described as a chaotic news conference, Ms. Clark refused to say whether Dr. Lutz was fired, or he resigned. But she did state there was not currently a health officer in charge of the district, and she would look for a contract worker to immediately replace Dr. Lutz.

**SRHD Tries to Revise and Recharacterize Termination**

92.     Recognizing that the SRHD Board's executive session either violated applicable laws or that Ms. Clark lacked the legal authority to fire Dr. Lutz – something that could be done only by the SRHD Board upon proper notice and hearing – Ms. Clark, through counsel, attempted to revise history and characterize Dr. Lutz's status as "administrative leave," despite the fact she had stated specially he was fired "effective immediately" on October 29, told staff his last day was October 29, and Ms. Clark's counsel issued an email on October 29, 2020 stating that Dr. Lutz had been fired by Ms. Clark.

COMPLAINT- 15

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

93.     Proper procedures to terminate Dr. Lutz had not been followed; including but not limited to, any hearing, including seven days' notice under Washington's Administrative Procedures Act (WAPA) and other WAPA procedural requirements.

94.     The SRHD Board, through counsel, stated that the WAPA did not apply, and it would proceed with a "hearing" on November 5, 2020 – giving Dr. Lutz fewer than 48 hours' notice – to vote on his termination; although he had already been fired by Ms. Clark on October 29, 2020.

95.     Further compounding the procedural problems with the Board's "hearing" was the fact that only Dr. Lutz and Ms. Clark were permitted to speak, and neither could ask questions of each other or any SRHD Board member. No witnesses were allowed, there was no testimony provided under oath, and no cross examination was allowed.

96.     The "hearing" was a hearing in name only. This hearing was merely an after-the-fact procedural attempt to ratify Ms. Clark's illegal October 29 termination, and deflect criticism directed at Ms. Clark and the SRHD Board.

97.     Through the course of the "hearing," it was clear that few, if any, SRHD Board members had read Dr. Lutz's submission.

98.     Another odd feature of this "hearing" was that few questions were directed to Ms. Clark asking her about Dr. Lutz's responses to her performance allegations.

99.     The SRHD Board also received and accepted hundreds of documents from Ms. Clark after the deadline for submission.

100.    Neither Dr. Lutz nor his counsel were permitted to ask any questions or present any witness testimony.

101.    After statements from both Ms. Clark and Dr. Lutz, and a period for questions, the SRHD Board adjourned to a lengthy Executive Session.

COMPLAINT- 16

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

102.	Immediately upon reconvening, Commissioner French read a lengthy statement in support of his motion to ratify termination of Dr. Lutz. The votes cast by the twelve-member Board largely followed political lines.

103.	Dr. Lutz was not allowed a hearing as required. Dr. Lutz was not terminated for cause. Dr. Lutz was terminated in violation of the SRHD Bylaws and applicable statutes because the SRHD Board and Ms. Clark did not like his public statements on public health issues and/or Dr. Lutz's refusal to bend to political pressure in the public health response to COVID-19.

## VI.	CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Wrongful Termination in Violation of SRHD's Bylaws, RCW 70.05,
and Washington's Administrative Procedures Act**
(Defendants SRHD and Clark)

104.	Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

105.	RCW 70.05.050 states that "No term of office shall be established for the local health officer but the local health officer shall not be removed until after notice is given, and an opportunity for a hearing before the board or official responsible for his or her appointment under this section as to the reason for his or her removal."

106.	Consistent with this statutory mandate, SRHD's by-laws confirm the SRHD Board has the sole authority to terminate the District Health Officer. Article IV of SRHD's bylaws, section 3, provides: "The Board of Health shall approve the appointment and termination of a District Health Officer."

107.	Dr. Lutz was hired as SRHD's District Health Officer by the SRHD Board on or about May 17, 2017. Dr. Lutz reasonably relied upon both the SRHD's bylaws and RCW 70.05 in accepting this position.

COMPLAINT- 17

108.  On October 29, 2020, without warning, notice, hearing or vote of the SRHD Board, Amelia Clark summarily terminated Dr. Lutz as SRHD's District Health Officer, "effective immediately," leaving SRHD with no District Health Officer.

109.  In an effort to ratify Ms. Clark's termination of Dr. Lutz, the SRHD Board hastily scheduled a public hearing for November 5, 2020, providing Dr. Lutz less than 48-hours' notice.

110.  The Board ordered that Dr. Lutz had only 30 minutes at the hearing to present his position. Dr. Lutz was not permitted to ask any questions of Ms. Clark, or any Board member, or to examine any other witness. No testimony was given under oath.

111.  Dr. Lutz objected to the purported hearing, asserting that a proper hearing was governed by Washington's Administrative Procedures Act ("WAPA"), RCW 34.05, which, among other things, required at least 7-days' notice.

112.  SRHD maintained the WAPA did not apply and proceeded with the November 5, 2020, "hearing" as scheduled.

113.  Ms. Clark's summary termination of Dr. Lutz on October 29, 2020 was illegal and in violation of RCW 70.05 and SRHD's bylaws.

114.  The after-the-fact attempt by the SRHD Board to confirm the termination was ineffective and the November 5, 2020, meeting was conducted in violation of the WAPA.

115.  As a result of this unlawful conduct, Dr. Lutz is entitled to immediate reinstatement to his position as District Health Officer, together with all damages he incurred as a result of the wrongful termination, including direct and consequential damages, pain and suffering, and attorney fees and costs, all in an amount to be determined.

## SECOND CAUSE OF ACTION
### Wrongful Termination in Violation of RCW 70.05 and RCW 42.30.110
(Defendant SRHD Only)

116.  Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

COMPLAINT- 18

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

117. The SRHD Board met in an executive session on October 29, 2020, to discuss the employment of Dr. Lutz.

118. To date, SRHD and the Board have refused to disclose what was discussed during this session, including whether any official actions or decisions were taken with respect to Dr. Lutz.

119. If any official actions, decisions or votes were taken with respect to the continued employment of Dr. Lutz during the October 29, 2020, including authorizing Ms. Clark to terminate Dr. Lutz's employment, such action was illegal and invalid under Washington law, including RCW 70.05.050, RCW 42.30.110 and RCW 34.05.

120. To the extent Dr. Lutz's termination is based in any way on decisions, votes or directives given by the SRHD Board during the October 29, 2020 executive session, Dr. Lutz is entitled to immediate reinstatement to his position as Health Officer, together with all damages he incurred as a result of the wrongful termination, including direct and consequential damages, pain and suffering, and attorney fees and costs, all in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**Wrongful Termination – Lack of Just Cause**
(Defendants SRHD and Clark)

121. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

122. As the SRHD's LHO, Dr. Lutz's job duties and responsibilities were defined by state law, including in RCW 70.05.070, WAC 246-101-505 and WAC 246-100-036.

123. RCW 70.05.050, states in relevant part: "No term of office shall be established for the local health officer but the local health officer shall not be removed until after notice is given, and an opportunity for a hearing before the board or official responsible for his or her appointment under this section as to the reason for his or her removal."

COMPLAINT- 19

124.    SRHD's bylaws, in Article IV, confirm that the authority of the District Board of Health "shall be as prescribed by the laws of the State of Washington," and specifically references RCW 70.05.

125.    Section 3 of Article IV states that "The Board of Health shall approve the appointment and termination of a District Health Officer."

126.    Taken together, RCW 70.05. and SRHD's bylaws created a reasonable expectation that Dr. Lutz could only be terminated for just cause after notice and hearing before the SRHD Board.

127.    The SRHD's Board lacked just cause or legal justification to terminate Dr. Lutz as the SRHD's District Health Officer.

128.    The SRHD's Board's termination of Dr. Lutz was wrongful and in violation of Washington law.

129.    As a result of his wrongful termination, Dr. Lutz is entitled to immediate reinstatement to his position as District Health Officer, together with all damages he incurred as a result of the wrongful termination, including direct and consequential damages, pain and suffering, and attorney fees and costs, all in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**Wrongful Discharge in Violation of Public Policy**
(Defendants SRHD and Clark)

130.    Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

131.    The Washington legislature has mandated that protecting and promoting public health is a strong public policy.

132.    As part of effectuating that mandate, the Washington legislature created local health districts and empowered local health officers to carry out the important function of safeguarding public health.

COMPLAINT- 20

133.    The critically important function of a local health officer to make decisions solely in the interest of public health, undeterred by political or economic pressures, is vital to advance the public health.

134.    If local health officers, such as Dr. Lutz, are not free to exercise their sound medical and public health judgment in protecting and promoting public health without political and economic pressure, it would jeopardize the strong public policy underlying public health.

135.    Dr. Lutz made decisions and statements, drafted documents and took actions, which in his judgment as the SRHD's local health officer were in the best interest of public health. Some of these actions did not align with views of members of the SRHD Board and other elected officials in the region, which ultimately resulted in Dr. Lutz's termination from the SRHD.

136.    The SRHD's purported reasons for terminating were pretextual and it cannot offer a legitimate justification for Dr. Lutz's termination.

137.    As a result of his wrongful termination, Dr. Lutz is entitled to immediate reinstatement to his position as District Health Officer, together with all damages he incurred as a result of the wrongful termination, including direct and consequential damages, pain and suffering, and attorney fees and costs, all in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
**Wrongful Termination in Violation of Substantive and Procedural Due Process Rights of the Fifth and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983, and Wash. Const. Article 1, Section 3.**
(Defendants SRHD and Clark)

138.    Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

139.    SRHD, by the acts of its agents, and Amelia Clark wrongfully terminated and retaliated against Dr. Lutz in violation of his substantive and procedural due process rights under

COMPLAINT- 21

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

the 5th and 14th Amendments to the U.S. Constitution, 42 U.S.C. § 1983 and Article 1, section 3 of the Washington Constitution.

140.    As a result of his wrongful termination and retaliation, Dr. Lutz is entitled to immediate reinstatement to his position as District Health Officer, together with all damages he incurred as a result of Defendants' actions, including direct and consequential damages, pain and suffering, and attorney fees and costs, all in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
**Wrongful Termination in Violation of Free Speech Rights of the 1st Amendment to the U.S. Constitution, 42 U.S.C. § 1983, and Wash. Const. Article 1, Section 4.**
(Defendants SRHD and Clark)

141.    Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

142.    SRHD, by the acts of its agents, and Amelia Clark wrongfully terminated and retaliated against Dr. Lutz in violation of his free speech rights under the 1st Amendment to the U.S. Constitution, 42 U.S.C. § 1983 and Article 1, section 4 of the Washington Constitution.

143.    As a result of his wrongful termination and retaliation, Dr. Lutz is entitled to immediate reinstatement to his position as District Health Officer, together with all damages he incurred as a result of Defendants' actions, including direct and consequential damages, pain and suffering, and attorney fees and costs, all in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION
**Defamation**
(Defendants SRHD and Clark)

144.    Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

145.    SRHD, by the acts of its agents, and Amelia Clark perpetuated and aided in the defamation of Dr. Lutz by negligently making unprivileged false and untruthful statements about his ethics, professionalism, misappropriation of public funds and the performance of his job.

COMPLAINT- 22

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

146.     As a result of the false and defamatory statements, Dr. Lutz is entitled to all resulting damages he incurred as a result of Defendants' actions, including direct and consequential damages, pain and suffering, and attorney fees and costs, all in an amount to be determined at trial.

## VII.     PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment against the Defendant for the following relief:

1.     For immediate reinstatement of Dr. Lutz as SRHD's District Health Officer;

2.     For all damages sustained by Dr. Lutz, including but not limited to lost wages, lost benefits, lost future earnings, lost earning potential, emotional distress, damage to reputation, pain and suffering, and other general damages;

3.     For pre- and post-judgment interest;

4.     For all costs, including reasonable attorneys' fees, incurred in this action;

5.     For the tax consequences of an award of judgment;

6.     Punitive damages pursuant to 42 U.S.C. § 1983

7.     For such other and further relief as the Court deems just and equitable.

DATED this 8th day of February, 2022.

LEE & HAYES, P.C.

By: _____
Robert J. Carlson, WSBA # 18455
Caleb A. Hatch, WSBA # 51292
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Email: Carlson@LeeHayes.com
Email: Caleb.Hatch@LeeHayes.com

*Attorneys for Plaintiff*

COMPLAINT- 23