FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 29, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT B. LUTZ, MD, MPH, a married man,<br><br>Plaintiff,<br><br>v.<br><br>SPOKANE REGIONAL HEALTH DISTRICT and AMELIA CLARK, an individual,<br><br>Defendants. | No. 2:22-CV-00028-MKD<br><br>PROTECTIVE ORDER<br><br>**ECF No. 9-1** |

Before the Court is the parties' proposed protective order, ECF No. 9-1. A district court may issue protective orders regarding discovery upon a showing of good cause. Fed. R. Civ. P. 26(c); *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).

The Court has reviewed the proposed protective order, the record, and is fully informed. Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause to issue the parties' stipulated protective order, ECF No. 9-1.

Accordingly, the parties shall abide by the following protective order:

PROTECTIVE ORDER - 1

# PROTECTIVE ORDER

## 1. Purposes and Limitations

Discovery in this action is likely to involve production of confidential or private personal information of the Parties (and third parties) for which special protection may be warranted.  Accordingly, the Parties petition the Court to enter the following Protective Order, which shall apply to all discovery in this action, including third-party discovery.  The Parties acknowledge that this agreement does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the Parties to file confidential information under seal.

## 2. "Confidential" Material

Confidential material may be designated "CONFIDENTIAL."

The following documents and tangible things produced or otherwise exchanged may be designated "CONFIDENTIAL":

    1. Documents containing an individual's financial information;

    2. Documents subject to contractual confidentiality provisions;

    3. Documents containing personally identifiable information ("PII") pertaining to any individuals.

### 3. Scope

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that the designating Party placed within the public domain or becomes part of the public domain through trial or otherwise unless inadvertently placed. The procedure for which is set forth in Section 8.

### 4. Access To and Use of Confidential Material

#### 4.1 Basic Principles.

A receiving party may use confidential material disclosed or produced by another party or by a non-party in connection with this case and that has been designated "CONFIDENTIAL" only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

**4.2    Disclosure of "CONFIDENTIAL" Information or Items.**

Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any material designated "CONFIDENTIAL" only to:

    a.    the Parties to this action;

    b.    the receiving party's outside counsel of record in this action, as well as employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation;

    c.    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    d.    the Court, court personnel, and court reporters and their staff;

    e.    copy, document management, electronic discovery, or imaging service providers retained by counsel to assist in the management and duplication of confidential material, provided that such service provider has agreed in writing to use any confidential material only to perform services

PROTECTIVE ORDER - 4

for the party that has retained it in this litigation, not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material upon completion of the service;

f. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court;

g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

h. mock trial and jury consultants, including, but not limited to, mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

i. any mediator retained by the Parties or appointed by the Court in this action and employees of such mediator who are assisting in the conduct of the mediation, provided that such mediator has agreed to maintain the

confidentiality of confidential information received in this action.

### 4.3 Filing Confidential Material.

Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

## 5. Designating Confidential Material

### 5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies pursuant to Section 2. The designation may be applied to the entirety of a document. However, upon reasonable request of the opposing party, the producing party must provide a more narrowly designated version of a document previously designated in its entirety, designating for protection only those parts of material, documents, items, or oral or written communications that qualify for protection.

Mass, indiscriminate, or routinized designations and mass, indiscriminate, or routinized requests for narrower designations of

PROTECTIVE ORDER - 6

documents designated in their entirety are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

### 5.2    Manner and Timing of Designations.

Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    a.    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each document.

b. Testimony given in deposition or in other pretrial or trial proceedings: the Parties may identify on the record, during the deposition, hearing, or other proceeding, all testimony designated as "CONFIDENTIAL" without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL."

c. Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**5.3    Inadvertent Failures to Designate.**

If timely corrected, an inadvertent failure to designate confidential information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon

PROTECTIVE ORDER - 8

timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**6. Challenging Confidentiality Designations**

    **6.1 Timing of Challenges.**

Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    **6.2 Meet and Confer.**

The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A

PROTECTIVE ORDER - 9

good faith effort to confer requires a face-to-face meeting or a telephone conference.

### 6.3 Judicial Intervention.

If the Parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

### 7. Protected Material Subpoenaed or Ordered Produced in Other Litigation

If a party is served with a subpoena or a court order issued in other litigation or in a PRA request that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that party must:

    a. promptly notify the designating party in writing and include a copy of the subpoena or court order;

    b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or

PROTECTIVE ORDER - 10

order is subject to this agreement. Such notification shall include a copy of this agreement; and

c.   cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**8.   Unauthorized Disclosure of Protected Material**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The person who disclosed the information is also responsible for notifying the third party whose information was released.

**9.   Inadvertent Production of Privileged or Otherwise Protected Material**

If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced, such production shall

PROTECTIVE ORDER - 11

in no way prejudice or otherwise constitute a waiver of, or estoppel to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. If the producing party makes a claim of inadvertent production with respect to information, then in the custody of any receiving party or parties, the receiving party or parties shall promptly return the information to the producing party and the receiving party or parties shall not use such information for any purpose other than in connection with a motion to compel production. The receiving party may then move the Court for an order compelling production of the material, and the motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production. This paragraph should not be interpreted to abrogate any legal rights and obligations of the Parties with respect to inadvertent disclosures of privileged information under any applicable rules of evidence or of professional conduct. This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  In such circumstance, Parties shall confer on an appropriate non-waiver order under Federal Rule of Evidence 502.

      **10.**    **Non-Termination and Return of Documents**

Within 60 days after the termination of this action, including all appeals, each receiving party must destroy or return all confidential material to the

producing party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or the Court orders otherwise.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this order and provide copies to counsel.

DATED April 29, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER - 13