Robert J. Carlson, WSBA #18455
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
carlson@leehayes.com

Caleb Hatch, WSBA #51292
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, WA 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT B. LUTZ, MD, MPH, a married man,<br><br>                Plaintiff,<br><br>v.<br><br>SPOKANE REGIONAL HEALTH DISTRICT, a Washington State public health agency,<br><br>                Defendant | No. 2:22-cv-00028-MKD<br><br>**FIRST AMENDED COMPLAINT** |

## I.      INTRODUCTION

Plaintiff Robert B. Lutz, MD, MPH, for his complaint against the

Defendants, states and alleges as follows:

FIRST AMENDED COMPLAINT- 1

## II.   PARTIES

1.      Plaintiff Robert B. Lutz, MD, MPH, ("Dr. Lutz") a married individual, is now and was at all times material, a resident of Spokane County, Washington.

2.      Defendant Spokane Regional Health District ("SRHD") is now and was at all times material a Washington State local public health agency authorized to do business and transact business in Spokane County, Washington.

## III.   JURISDICTION AND VENUE

3.       This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

## IV.   STATUTORY PRE-REQUISITES

4.      For purposes of commencing a lawsuit against a local government entity, on October 8, 2021, Plaintiff submitted an administrative tort claim with the SRHD, conforming to the requirements of RCW 4.96 *et al*.

5.      Plaintiff has allowed at least sixty (60) days to expire between the date of the submission of the administrative tort claim to SRHD and the filing of this action.

## V.   FACTS

6.      Dr. Lutz is a graduate of Temple University School of Medicine. Subsequently, he graduated from the University of Arizona as one of the founding fellows in an emerging field of medicine – Integrative Medicine, that looks to

FIRST AMENDED COMPLAINT- 2

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

combine the best of conventional western medicine with other fields, such as TCM, manual medicine, Naturopathy, and other disciplines. Dr. Lutz also pursued his master's in public health, with a focus on epidemiology while at the University of Arizona.

7.      Upon completion of a Family Medicine Residency and Sports Medicine Fellowship, Dr. Lutz received Board Certification, which he currently maintains, and a Certificate of Added Qualification.

**Spokane Regional Health District.**

8.      The SRHD is one of 35 local public health agencies serving Washington state's 39 counties. The agency was originally established as the Spokane County Health District in January 1970. In 1994, the agency's official name was changed to Spokane Regional Health District to reflect the increased scope of public health services and geographic coverage.

9.      The Spokane Regional Health District was created as part of a statewide program for the benefit of the health of the state even if it also acts within the territorial limits of Spokane County.

10.     The SRHD is a part of the statewide public health system and is required to implement, promote, and enforce the State public health programs and laws, and reports to the State.

11.     Protecting the public's health across the state is a fundamental responsibility of the state and is accomplished through the governmental public

FIRST AMENDED COMPLAINT- 3

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

health system. This system is comprised of the state department of health, state board of health, local health jurisdictions, sovereign tribal nations, and Indian health programs.

12.     The local health jurisdictions are required to work collaboratively with the other health entities to protect and improve the health of the entire State.

13.      The SRHD is a key part in the State's governmental public health system created to work within the State governmental public health system and accomplish the State's responsibility of protecting the public's health across the State.

14.     The SRHD performs a state function and is concerned with statewide health programs.

15.     Local health jurisdictions, local boards of health, local health officers and administrative officers form the local action arm of the Washington governmental public health system.

16.     RCW 70.05 is the primary state law behind the formation, authority, power, and duties of the local board of health, local health officer, and administrative officer.

17.     The Washington State Department of Health promotes and protects public health, monitors health care costs, maintains standards for quality health care delivery and plans activities related to the health of Washington citizens. The Department's programs and services help prevent illness and injury, promote

FIRST AMENDED COMPLAINT- 4

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

healthy places to live and work, provide education to help people make good health decisions and ensure our state is prepared for emergencies.

18.    Washington implements, promotes and protects the public health though its local health districts and departments. Washington State has a decentralized governmental public health system characterized by local control and partnerships. Along with the state Department of Health, the system includes 35 local public health departments and local health districts (serving 39 counties), the state Board of Health, tribal governments and other partners.

19.    The SRHD is a product of the Washington State statutes and only exists at the permission and requirement of the State and is authorized and permitted pursuant to the statutes enacted by the Washington State Legislature.

20.    The State Board of Health is required to develop and implement public health policy and rules "in order to protect public health."

21.    The State Board of Health has the legal authority to develop public health rules that local health jurisdictions are required to implement and enforce.

22.    All local boards of health, health authorities and officials, officers of state institutions, police officers, sheriffs, constables, and all other officers and employees of the state, or any county, city, or township thereof, shall enforce all rules adopted by the state board of health.

FIRST AMENDED COMPLAINT- 5

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

23.     Local health jurisdictions, like the SRHD, are required to carry out the public health safety requirements established by the State for the benefit of the entire State.

24.     The functions performed by the SRHD are done under the direction of the State and are for the benefit and purpose of the State as a whole.

25.     SRHD serves as an extension of the State Department of Health to ensure the health of the public of the State.

26.     The SRHD receives a significant amount of money from the State.

27.     At least forty percent of the SRHD's budget comes from the State.

28.     Of the SRHD's roughly $48 million dollar budget over $19 million dollars comes from the State.

29.     In contrast, Spokane County only provides only about four percent of the SRHD budget.

30.     The SRHD receives millions of dollars a year from the state government.

31.     The SRHD is run by the Spokane Regional Health District Board of Health ("SRHD Board") whose primary purpose is to act as the governing body of the SRHD and, among other things, "to create and promote prudent public health policy within the Spokane area health district." The SRHD Board has a governance function for the agency, but it does not direct public health policy for Spokane County.

FIRST AMENDED COMPLAINT- 6

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

32.    A local board of health must enforce through the local health officer or the administrative officer appointed under RCW 70.05.040, if any, the public health statutes of the state and rules promulgated by the state board of health and the secretary of health.

33.    The SRHD is also required to make reports to the State Board of Health.

34.    County Commissioner Al French and member of the Board of the Spokane Regional Health District testified that his expectations are to "get the Health District more narrowly aligned with its core functions and to basically eliminate stupid stuff…" and that the Health District was focused on "key functions."

35.    Commissioner French clarified that he "wanted to make sure the things we were doing were things we were statutorily required to do."

36.    Mayor Kevin Freeman and Chair of the Board of the Spokane Regional Health District testified that the SRHD is concentrating on what it needs to provide and identified only programs required by the State for the benefit of the entire State.

37.    The prior Administrative Health Officer of the Spokane Regional Health District testified that as part the SRHD Executive Leadership "restructure" was identified what the SRHD is "required to do by statute as a public health

FIRST AMENDED COMPLAINT- 7

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

district or department" and identify programs that the SRHD does not have to provide.

38.    The SRHD and the programs in which the SRHD is involved are deliberately limited to only what the State requires the SRHD to provide as part of the statewide programs.

39.    The Covid-19 pandemic provides useful insight into the authority of the State which implemented multiple regulations related to the Pandemic dictating what local health jurisdictions could or could not do and which the local health jurisdictions were required to enforce to benefit the citizens of the entire State.

40.    The SRHD must meet the standards promulgated by the Department of Health and State Board of Health and exists to implement and enforce state public health statutes, as well as rules promulged by the state board of health and the secretary of health.

41.    SRHD reports to the state board of health and functions to promote the public health of the state as a whole and to carry out state guidelines and regulations.

42.    In 2016, the SRHD Board adopted a new organizational structure and implemented modified Bylaws.

43.    SRHD's bylaws did not require that anyone with medical or public health experience must be on the Board, despite one of its primary purposes being

FIRST AMENDED COMPLAINT- 8

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

to "to create and promote prudent public health policy within the Spokane area health district."

44.    Only the Local Health Officer ("LHO") was required to be "trained and experienced in public health."

45.    The position of the local health officer is also created by the State, and local health jurisdictions are required by the state to have a local health officer.

46.    The local health officer, in turn, must enforce the public health statutes of the state, rules of the state board of health and the secretary of health.

47.    The qualifications for local health officers are also set by the State.

48.    If a local health officer does not meet the requirements, they can only operate for a limited period of time and only through the State Secretary of Health.

49.    The State Board of Health also retains authority over local health officers and local administrative officers to remove them from their positions.

50.    The State Secretary of Health's responsibilities also cover local health jurisdictions and local health officers. This was true the entire time Dr. Lutz served as the LHO. The LHO's role was thus critical given the political nature of the SRHD's governing Board.

51.    The SRHD's modified bylaws also provided that an administrator should be the director of the SRHD and report to the SRHD Board. This Administrative Officer ("AO") serves "at the pleasure of the Board" and also serves as the Executive Secretary of the Board.

FIRST AMENDED COMPLAINT- 9

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

52.     Regarding duties of the LHO, the SRHD bylaws state:

Article VI – District Health Office (RCW 70.05.070) – The District Health Officer shall perform such duties as are provided by law and directed by the Administrator. He/she shall be responsible to the Administrator for his/her official actions.

53.     The SRHD Board also modified the bylaws to align with Washington law, requiring that the LHO could neither be hired/fired without Board approval.

54.     In contrast to the AO, who serves at "the pleasure of the Board," the bylaws as well as RCW 70.05 and RCW 34.05 require notice, a hearing, and SRHD Board approval prior to the LHO's termination.

**Dr. Lutz's Role at SRHD**

55.     On or about May 15, 2017, Dr. Lutz was hired by the SRHD Board to serve as the LHO.

56.     Dr. Lutz's job duties and responsibilities as LHO are detailed by the Washington State Legislature: RCW 70.05.070; WAC 246-101-505; and WAC 246-100-036.

57.     Neither the SRHD Board nor other employees it hired had the authority to restrict or limit Dr. Lutz's performance of these statutorily prescribed duties and obligations.

**Dr. Lutz's Job Performance from May 2017 – September 16, 2019**

58.     Dr. Lutz received an interim performance evaluation in January or February 2018 by his supervisor Torney Smith. Dr. Lutz received high marks

FIRST AMENDED COMPLAINT- 10

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

across the board, with Mr. Smith finding that Dr. Lutz exceeded nominal requirements in all areas.

59.     Dr. Lutz' most recent performance evaluation occurred in November 2018. The rating system ranged from Exceptional, Achieves, Growth, and Unsatisfactory. Mr. Smith found that of the eighteen evaluated areas, Dr. Lutz had met goals and was rated as "Achieves" in sixteen. He was assessed as "Exceptional" in two areas ("Communication" and" Shares job knowledge with co-workers"). Regarding "areas of improvement," Mr. Smith advised Dr. Lutz to focus more on working through managers, as opposed to communicating directly to staff.

**Amelia Clark Hired as Administrative Officer**

60.     In 2019, SRHD began the process for locating a new AO largely without the help or involvement of Dr. Lutz. Dr. Lutz did not participate in the interview process.

61.     In August 2019, Amelia Clark was hired by the SRHD Board to act as the SRHD's AO.

62.     In early 2020, Dr. Lutz met with AO Clark to review the LHO's professional goals for 2020, which she supported. Ms. Clark raised no performance issues or concerns.

FIRST AMENDED COMPLAINT- 11

**Gun Violence, Public Health, and Free Speech**

63.     Advocacy to benefit the public health was more to Dr. Lutz than his job, it was a career-long passion. Thus, when asked or if an opportunity was presented, Dr. Lutz advocated for the health of the community, to include authoring Op-Ed pieces for publication in the Spokane Region to raise awareness of public health issues.

64.     Despite Dr. Lutz's right and obligation as the LHO to engage in such advocacy, his views often met with resistance and outright hostility by some SRHD Board members, SRHD staff, and other elected officials in the region.

65.     For example, as a veteran, medical doctor and public health official, Dr. Lutz knew first-hand the public health and safety issues surrounding guns and gun violence. He was a frequent and passionate advocate for gun safety.

66.     However, Dr. Lutz's expression of his views on the issue were unpopular with some of the staff at SRHD, as well as certain SRHD Board members. Dr. Lutz was admonished by the interim AO in February 2019, for comments made during an all-staff meeting, at which time he stated suicide prevention could not be adequately addressed unless a primary means of suicide, i.e., firearms, was likewise addressed.

67.     Dr. Lutz was told by Ms. Clark he was not to communicate with state representatives for Spokane County with whom he had previously communicated

FIRST AMENDED COMPLAINT- 12

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

regarding firearm safety. And in 2020, Dr. Lutz was instructed that he would need to obtain approval from the SRHD Board before submitting any Op-Ed pieces

**George Floyd, Racism, Public Health and Free Speech**

68.    On May 25, 2020, after the killing of George Floyd, Dr. Lutz authored an Op-Ed piece about structural racism and forwarded it to SRHD's public information officer, who reviewed and edited the piece and forwarded it to Ms. Clark.

69.    SRHD informed Dr. Lutz it would not approve this for publication with no explanation as to why and that he could not submit his Op-Ed for publication. No further information was provided at that time.

70.    On May 31, 2020, Dr. Lutz participated in a George Floyd – Black Lives Matter march, believing it a public health issue deserving his participation, and in doing so, he took appropriate precautions against COVID-19 spread (face covering; physical distancing).

71.    Dr. Lutz was subsequently told "the Board" was not happy with his participation.

72.    Despite the clear public health aspects of Dr. Lutz's Op-Ed draft and his participation in the march, some members of the SRHD Board were not pleased and voiced displeasure for Dr. Lutz taking this public health stance and action.

73.    Certain SRHD Board members were not happy with his race-related public health actions and attempted to intervene to get him to stop.

FIRST AMENDED COMPLAINT- 13

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

74.     In fact, Ms. Clark documented a meeting she had with Dr. Lutz where he was advised of the concerns SRHD Board members had about him attending the "peaceful race protest." Ms. Clark instructed Dr. Lutz to separate his personal views from actions that could be connected to SRHD.

75.     On July 25, 2020, the SRHD Board passed a resolution aimed at breaking the cycle of health inequity. In furtherance of this resolution, and in furtherance of duties as LHO, Dr. Lutz published an Op-Ed on August 9, 2020 entitled "COVID has exposed structural racism in public health system." This Op-Ed was submitted to and approved by Amelia Clark.

76.     Dr. Lutz learned that Mr. Wick and Ms. Kuney of the SRHD Board questioned why Dr. Lutz had written about racism, instead of his decision to recommend schools reopen in remote learning, as recommended by the Department of Health. Dr. Lutz told Ms. Clark of his concern that these communications by SRHD Board members were an attempt to put political pressure on him.

77.     Dr. Lutz told Ms. Clark that he could and would also write a piece on education and thought co-authoring it with Maria Howard, PhD, who facilitated SRHD's ethics committee, would be a great opportunity of explaining the decision-making and inherent ethical tension behind it. Ms. Clark agreed to allow Dr. Lutz to write this piece.

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

78.    After the Op-Ed on education was published on August 23, 2020, Dr. Lutz received an email from Ms. Clark asking if the Op-Ed had in fact been published. Dr. Lutz stated it had been published, and that Ms. Clark had reviewed and approved its publishing. Ms. Clark replied that she had misunderstood its authorship and thought it was only coming from Dr. Howard. She wrote Dr. Lutz that "Board is unhappy with your Op-Ed pieces" and that SRHD needed to get out of politics. Ms. Clark told Dr. Lutz she did not want him writing further Op-Eds.

79.    During a heated SRHD Executive Committee of the Board meeting on September 17, 2020, the SRHD Board decided that Dr. Lutz could only continue to write Op-Ed pieces, so long as there was a disclaimer to the effect it represented solely Dr. Lutz's opinion and not that of SRHD or its Board.

**Dr. Lutz's Response to COVID-19**

80.    In February 2020, the nation was hit with the first wave of the COVID-19 pandemic.

81.    On February 29, 2020, Gov. Jay Inslee declared a statewide emergency due to the spread of coronavirus (COVID-19).

82.    While Dr. Lutz had a significant amount of discretion as LHO, many of the decisions, statements and actions he would take were driven by directives from the state and federal governments, consistent with his statutory responsibilities to enforce the public health statutes of the state, rules of the state board of health and the secretary of health, and all local health rules, regulations

FIRST AMENDED COMPLAINT- 15

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

and ordinances within his jurisdiction (RCW 70.05.070). At times, Dr. Lutz was publicly criticized by elected officials, business leaders and community members for actions he took in carrying out his duties as LHO. Undeterred, Dr. Lutz always looked to medical science and data to guide him in carrying out his prime directive – promote the public health.

83.    Almost immediately after Governor Inslee's COVID-19 declaration, decisions and actions taken by Dr. Lutz to protect the public health were met with resistance, as many had economic and social impacts on the businesses and citizens of the Spokane Region.

84.    In March 2020, Dr. Lutz was forced to cancel the Washington State Middle School Basketball Championships, based on risks to public health, including bringing thousands of people to Spokane from across the Pacific Northwest.

85.    The cancellation of this event was not viewed favorably by local officials.

86.    For example, Kate Hudson, Visit Spokane spokeswoman, said the cancellation would have a devastating economic impact on Spokane, which Spokane Mayor Nadine Woodward echoed in a news conference the same day. Dr. Lutz was further questioned about his intentions for the upcoming NCAA tournament given the expected economic impact. Dr. Lutz also received negative

FIRST AMENDED COMPLAINT- 16

comments from SRHD Board members about the economic impact Dr. Lutz's order was having on the community.

87.    The message these officials were sending to Dr. Lutz was that regional economic impacts should be a primary factor in his public health decisions.

88.    One March 17, 2020, local elected officials in the Spokane region declared states of emergency after Spokane's first COVID-19 case was reported on March 14, 2020. On March 20, 2020, Dr. Lutz also signed a Declaration of Public Health Emergency on behalf of SRHD.

89.    On March 20, 2020, Dr. Lutz took another COVID-19 preventive measure as the LHO when he issued a directive regarding closing playgrounds.

90.    Again, Dr. Lutz received push-back from some SRHD Board members regarding this decision, pushing for him to reopen the playgrounds, despite Dr. Lutz's understanding of the science at the time and his role as LHO that they had to be closed to address public health concerns raised by the potential rapid spread of the virus.

91.    On March 23, 2020, Governor Inslee issued Washington's "Stay Home Stay Safe" Proclamation. Rather than discussing public-health related issues surrounding this Proclamation, the SRHD Board focused solely on economic and other impacts of the Order.

FIRST AMENDED COMPLAINT- 17

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

**Political Pressure to Reopen the Economy Despite Public Health Concerns; and Pressure to Fire Dr. Lutz**

92.     On May 4, 2020, Governor Inslee released Washington's Phase Approach to reopening, which placed Spokane in the most restrictive Phase 1. Almost immediately, local elected officials, including some SRHD Board members, began to pressure Dr. Lutz to move Spokane to Phase 2.

93.     The first set of criteria for counties to apply for a variance for Phase 2 required a population less than 75,000 and no cases over the preceding 2 weeks, criteria met by only 5 counties. Despite the fact that Spokane County could not meet these criteria, Dr. Lutz was pressured by Commissioner French (also a SRHD Board member) to immediately apply for a variance.

94.     In response, Dr. Lutz discussed a variance request with the Governor's Eastern Washington representative, Adam McDaniel. Mr. McDaniel acknowledged that there was no process as yet defined, and that a request by Spokane to go to Phase 2 at the time would be refused. Dr. Lutz decided to proceed as urged by French and others; to request a variance; however, believing the process would serve to demonstrate to Spokane elected officials the need to follow DOH and Governor protocols, as well as an opportunity to start collecting materials and data that would possibly be used when subsequent criteria were released.

FIRST AMENDED COMPLAINT- 18

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

95.     As expected, Secretary of Health, John Weisman rejected the request on May 14, 2020.

96.     On May 19, 2020, the Governor announced expanded county variance criteria. Immediately, Commissioner French stated: "We want to be in Phase 2 before Memorial Day Weekend." Completely bypassing the SRHD and Dr. Lutz, Commissioner French and his fellow county commissioners passed a resolution on May 19, 2020 and penned a letter to the governor requesting that Spokane County be moved immediately into Phase 2.

97.     Dr. Lutz was told by Commissioner French and others that he needed to apply for a variance immediately. Commissioner French asked Dr. Lutz how long it would take to pull the materials together and was unhappy when told it would take a few days. Dr. Lutz and his SRHD team were expected to and did work through the weekend to pull all materials together, requiring staff to drop what they were doing to comply with Commissioner French's demand.

98.     On May 20, 2020, Dr. Lutz as LHO issued a directive regarding face coverings. Again, this public health decision was not supported by some members of the SRHD Board and other elected officials.

99.     On May 23, 2020, Spokane's request for a variance to move to Phase 2 was approved. Once the variance was approved, some officials began an immediate push to move to Phase 3 as soon as possible.

FIRST AMENDED COMPLAINT- 19

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

100.   In early June 2020, SRHD Board members were receiving complaints from voters about Dr. Lutz and his COVID-19 related actions. One voter asked Commissioner French why Dr. Lutz has more power than the Board of County Commissioners. In another complaint, Commissioner French was told Dr. Lutz was "destroying business" and "must be gone now." Commissioner French caused these emails to be sent to Ms. Clark at SRHD, without copying Dr. Lutz.

101.   On information and belief, Commissioner French (and others) wanted Dr. Lutz fired because, as LHO, his COVID-19 response actions were not in alignment with the economic and political views of certain SRHD Board members.

102.   By mid-June 2020 there was mounting pressure on Dr. Lutz from a number of fronts, including certain members of the SRHD Board and the Mayor of Spokane, to move to Phase 3. As reported in the local media at the time, "elected leaders in Spokane County are pushing for a move into Phase 3 of reopening, despite the county's health officer expressing that the area isn't ready to move forward."

103.   Dr. Lutz was then summoned to a meeting on June 15, 2020, with Ms. Clark, SRHD Board Chair Wick and SRHD Vice Chair Commissioner Kuney. Dr. Lutz thought the purpose was to discuss open issues, but the meeting turned out to be a type of ad-hoc performance review.

FIRST AMENDED COMPLAINT- 20

104.    Dr. Lutz had received no performance evaluation since Ms. Clark started, nor had there been any formal complaints or criticisms concerning his job performance during that time.

105.    This first "performance evaluation" followed Dr. Lutz publicly stating he felt the data did not warrant moving to Phase 3.

106.    The next day, after the surprise "job performance" meeting, and ignoring the public statement of Dr. Lutz regarding the current situation and moving to Phase 3, on June 16, 2020, the Spokane County Board of Commissioners passed a unanimous resolution approving the drafting and signing of a letter to Dr. Lutz. The resolution demanded "begin the process of allowing Spokane County to move to Phase 3."

107.    No members of the Spokane County Board of Commissioners were willing to discuss with Dr. Lutz the steps for transition to Phase 3, either in their capacity as Commissioners or as members of the SRHD Board.

108.    After careful consideration of the request, weighing all available medical and scientific data and statistics, on June 18, 2020, Dr. Lutz declined to initiate a request to move to Phase 3 because the relevant metrics were not met. During this same time Dr. Lutz declined to initiate a request to move to Phase 3, Ms. Clark prepared a formal Performance Improvement Plan (PIP) and sent a draft of the same to Mr. Wick and Ms. Kuney for review and comment. Thereafter, Mr.

FIRST AMENDED COMPLAINT- 21

Wick advised Ms. Clark that after he had spoken to SRHD's counsel and Ms. Kuney, they decided not to proceed with a PIP for Dr. Lutz.

109.    On June 24, 2020, Dr. Lutz had a follow up meeting with Ms. Clark, Ms. Kuney and Mr. Wick. During this session and the follow-up, no performance plan was discussed. The only action item agreed to was restarting weekly one-on-one meetings between Ms. Clark and Dr. Lutz. Dr. Lutz's suggestion of hiring a facilitator to broker better communication between himself and Ms. Clark was considered a "waste of taxpayers' dollars" by Ms. Kuney.

110.    Unbeknownst to Dr. Lutz, Ms. Clark prepared and circulated several draft documents to the SRHD Human Resources department, Ms. Kuney, and Mr. Wick; among these were draft documents including a performance improvement plan. While these draft documents were prepared by Ms. Clark for submission to Dr. Lutz, and ostensibly copied to Mr. Wick, Ms. Kuney and Dr. Lutz's "personnel file," they were never given to Dr. Lutz nor placed in his file.

**Pressure on Dr. Lutz Regarding Reopening Schools**

111.    On August 3, 2020, Dr. Lutz, based on State DOH guidelines, strongly recommended that area schools begin their 2020-2021 academic year online.

112.    On August 7, 2020, Ms. Clark again considered issuing Dr. Lutz a Performance Improvement Plan, the same one she considered giving him in June. As before, Ms. Clark elected not to provide this document to Dr. Lutz.

FIRST AMENDED COMPLAINT- 22

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

113.    Instead, Dr. Lutz was informed by Ms. Clark she had heard from Mr. Wick and Ms. Kuney about his recommendations, wanting to know why he had made this decision.

**Dr. Lutz States Current Data May Require a Return to Phase 2.**

114.    On October 14, 2020, just two weeks before he was fired, Dr. Lutz made statements to the press about the possible need to move back a phase due to recent COVID-19 data.

115.    That same day, October 14, 2020, Ms. Kuney relayed a complaint she had received from a constituent about Dr. Lutz possibly sending Spokane back a phase, asking whether the Board of County Commissioners could do anything and asked if someone would stand up to this guy. Ms. Kuney promptly sent this "complaint" to Ms. Clark.

**October 29, 2020 -- SRHD Board Executive Session**

116.    Unbeknownst to Dr. Lutz, on October 29, 2020, just shortly after stating Spokane may need to move back to Phase 2, the SRHD Board met with Ms. Clark and legal counsel concerning Dr. Lutz's job.

117.    Dr. Lutz's personnel file contains no performance evaluations from Ms. Clark, and the only one that is in his file was the favorable evaluation provided in late 2018.

118.    Other than Ms. Clark's "personal file" of her own notes she maintained on Dr. Lutz, including select meeting notes and copies of select emails

FIRST AMENDED COMPLAINT- 23

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

between Dr. Lutz and others, nothing in Dr. Lutz's personnel file suggests he was on the verge of being terminated for performance issues.

119.   The SRHD Board executive meeting was not public, and there was no public vote related to Dr. Lutz's job.

120.   Ms. Clark, however, left the executive meeting and prepared a PIP and warning letter. However, she also had prepared a Separation Agreement the day prior with SRHD legal counsel and additional counsel, ostensibly provided by the County.

121.   To date, neither any SRHD Board member nor Ms. Clark has explained who authorized this Separation Agreement, including the offer of $53,408.85 to Dr. Lutz in exchange for a full release of claims and confidentiality.

122.   SRHD's bylaws, in Article IV, confirm that the authority of the District Board of Health "shall be as prescribed by the laws of the State of Washington," and specifically references RCW 70.05.

123.   Section 3 of Article IV states that "The Board of Health shall approve the appointment and termination of a District Health Officer."

124.    Taken together, RCW 70.05. and SRHD's bylaws created a reasonable expectation that Dr. Lutz could only be terminated for just cause after notice and hearing before the SRHD Board.

FIRST AMENDED COMPLAINT- 24

**October 29, 2020, SRHD Fires Dr. Lutz**

125. Ms. Clark asked Dr. Lutz to meet her at the end of the day on October 29, 2020. Also in attendance in the meeting was Ben Wick.

126. At no point did Ms. Clark discuss a PIP.

127. At this meeting there was no discussion of a SRHD Board vote, no discussion of a warning letter and no discussion of any PIP.

128. Further, at no point was Dr. Lutz told that he was being placed on administrative leave, as Ms. Clark later claimed. Rather, Ms. Clark told Dr. Lutz that he was fired "effective immediately" and demanded his keys, laptop, credentials and all other SRHD materials. Dr. Lutz was also handed the Separation Agreement that had been prepared ahead of the meeting and was told he had until 4:00 pm the next day to sign it. Dr. Lutz was allowed to say goodbye to his assistant and call his wife to pick him up from SRHD, and then was escorted out of the building by Mr. Wick. SRHD's attorney, Michelle Fossum, confirmed in email the same day that Dr. Lutz had been fired.

129. On October 29, 2020, Ms. Clark contacted Sam Artzis, MD, the Health Officer for the Northeast Tricounty Health Department, and asked him to be the interim health officer for SRHD because SRHD had let Bob go and "Dr. Lutz will no longer be with the SRHD."

130. Steve Smith and Lyndia Wilson, SRHD Directors, were informed by SRHD on October 29, 2020, that Dr. Lutz had been fired.

FIRST AMENDED COMPLAINT- 25

131.   The next day, October 30, 2020, at 7:47 am, Ms. Clark sent an e-mail to SRHD staff, stating: "Yesterday, October 29 was Bob Lutz's last day at the Health District," directly refuting a claim later made by Ms. Clark that Dr. Lutz was on "administrative leave."

132.   Later that day, in what was described as a chaotic news conference, Ms. Clark refused to say whether Dr. Lutz was fired, or he resigned. But she did state there was not currently a health officer in charge of the district, and she would look for a contract worker to immediately replace Dr. Lutz.

133.   On October 30, 2020, then Spokane City Council President (now Judge) and member of the Board of the Spokane Regional Health District released an announcement stating: "Yesterday evening I received the unexpected news that the Spokane County Public Health Officer had been terminated from his position at the Spokane County Health District."

134.   The SRHD's decision to terminate Dr. Lutz on October 29, 2020 is a function of its involvement in the statewide public health system.

135.   The State Board of Health opened a matter and brought an action against the SRHD Administrative Officer for termination of Dr. Lutz in violation of the law.

136.   The State Board of Health approved an investigation into the SRHD's actions with a preliminary finding that the termination of Dr. Lutz' employment was done in violation of state law.

FIRST AMENDED COMPLAINT- 26

137.  Following which, the State Board of Health initiated an action to be heard pursuant to the requirements of the WAPA and before an Administrative Law Judge regarding the unlawful termination of Dr. Lutz in violation on RCW 70.05.050 – which was ultimately dismissed following the SRHD's Administrative Officer agreeing to cease being the Administrative Officer and never again seek to be the Administrative Officer.

138.  The SRHD's termination of Dr. Lutz in violation of RCW 70.05.050 is a matter of State concern and the SRHD's actions regarding a matter of state concern.

139.  Dr. Lutz was not provided the reason or notice of the reason for removal when he was fired on October 29, 2020.

**SRHD Tries to Revise and Recharacterize Termination**

140.  Recognizing that the SRHD Board's executive session either violated applicable laws or that Ms. Clark lacked the legal authority to fire Dr. Lutz – something that could be done only by the SRHD Board upon proper notice and hearing – Ms. Clark, through counsel, attempted to revise history and characterize Dr. Lutz's status as "administrative leave," despite the fact she had stated specifically he was fired "effective immediately" on October 29, told staff his last day was October 29, and Ms. Clark's counsel issued an email on October 29, 2020 stating that Dr. Lutz had been fired by Ms. Clark.

FIRST AMENDED COMPLAINT- 27

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

141.   Proper procedures to terminate Dr. Lutz had not been followed; including but not limited to, any hearing, including seven days' notice under Washington's Administrative Procedures Act (WAPA) and other WAPA procedural requirements.

142.   The SRHD failed to comply with any the provisions of the WAPA.

143.   In particular, the SRHD failed to comply with the procedural requirements for adjudicative proceedings under the WAPA – including RCW 34.05.010, RCW 34.05.428-437; RCW 34.05.446-461.

144.   The SRHD Board, through counsel, stated that the WAPA did not apply, and it would proceed with a "special meeting" on November 5, 2020 – giving Dr. Lutz fewer than 48 hours' notice – to vote to approve his termination; although he had already been fired by Ms. Clark on October 29, 2020.

145.   Further compounding the procedural problems with the Board's "special meeting" was the fact that only Dr. Lutz and Ms. Clark were permitted to speak for a brief period of time, and neither could ask questions of each other or any SRHD Board member. No witnesses were allowed, there was no testimony provided under oath, and no cross examination was allowed.

146.   The "special meeting" was merely an after-the-fact procedural attempt to ratify Ms. Clark's illegal October 29 termination, and deflect criticism directed at Ms. Clark and the SRHD Board.

FIRST AMENDED COMPLAINT- 28

147.    Through the course of the "special meeting," it was clear that few, if any, SRHD Board members had read Dr. Lutz's submission.

148.    Members of the Board of the Spokane Regional Health District have stated that they did not receive or did not review Dr. Lutz's submission.

149.    Another odd feature of this "special meeting" was that few questions were directed to Ms. Clark asking her about Dr. Lutz's responses to her performance allegations.

150.    The SRHD Board also received and accepted hundreds of documents from Ms. Clark after the deadline for submission.

151.    Neither Dr. Lutz nor his counsel were permitted to ask any questions or present any witness testimony.

152.    After statements from both Ms. Clark and Dr. Lutz, and a period for questions, the SRHD Board adjourned to a lengthy Executive Session.

153.    Al French has testified that the reasons for Dr. Lutz' termination were separate from the allegations made by the Administrative Officer.

154.    These purported reasons were not brought up prior to the November 5, 2020 special meeting or at the November 5, 2020 special meeting, and Dr., Lutz was not afforded and opportunity to even respond to the unidentified reasons for dismissal.

FIRST AMENDED COMPLAINT- 29

155.   The Administrative Officer, members of the Board of the SRHD, and their attorneys went into a lengthy executive session meeting from which Dr. Lutz was excluded to discuss reasons for his termination.

156.   Following the lengthy executive session, there was a motion to approve the October 29, 2020, termination of Dr. Lutz by Commissioner French – which passed – there was no discussion or notice of the reason or reasons for the approval of Dr. Lutz' termination.

157.   The votes cast by the twelve-member Board largely followed political lines.

158.   Dr. Lutz was not given notice of any purported reasons that were presented or discussed in his absence.

159.   Dr. Lutz was never afforded the hearing required by RCW 70.05.050 or the WAPA.

160.   Dr. Lutz was not afforded notice of the purported reasons for his removal.

161.   Dr. Lutz was not allowed a hearing as required. Dr. Lutz was not given notice of the reason for termination or even any actual reason for his termination. Dr. Lutz was terminated in violation of the SRHD Bylaws and applicable statutes because the SRHD Board and Ms. Clark did not like his public statements on public health issues and/or Dr. Lutz's refusal to bend to political pressure in the public health response to COVID-19.

FIRST AMENDED COMPLAINT- 30

162.    On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD, attorney for the SRHD, and numerous members of the public during a public special meeting, that Dr. Lutz had intended to send a letter condemning the decision to cut the Eastern Washington University undergraduate public health program and that Dr. Lutz had added his signature block to the letter.

163.    Defendant knew this statement was false because the letter was not written by Dr. Lutz and Dr. Lutz made it clear the letter was not coming from Dr. Lutz; Dr. Lutz did not add his signature, nor could he as he did not have access to his electronic signature which was held by SRHD and only added by SRHD with the approval of the Administrative Officer.

164.    Prior to making the false statement, the Administrative Officer was informed by Dr. Lutz and by SRHD staff that her statement was false.

165.    Dr. Lutz informed the Administrative Officer and the Board of the Spokane Regional Health District of the falsity of the statement in writing on November 5, 2020.

166.    On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD, attorney for the SRHD, and numerous members of the public during a public special meeting, that Dr. Lutz had ordered thermal scanners for a homeless shelter in contravention of her directive.

FIRST AMENDED COMPLAINT- 31

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

167.    Defendant knew this statement was false because she had never had a conversation with Dr. Lutz about not providing thermal scanners for the homeless shelter or anything with respect to funding for items for the homeless shelter and Dr. Lutz did not order the thermal scanners as that has to all go through the SRHD's process which Dr. Lutz does not control.

168.    Dr. Lutz informed the Administrative Officer and the Board of the Spokane Regional Health District of the falsity of the statement in writing on November 5, 2020.

169.    On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD, attorney for the SRHD, and numerous members of the public during a public special meeting, that Dr. Lutz told state and local officials SRHD wanted funding for its own lab.

170.    Defendant knew this statement was false because she was party to the discussions in which it was clear Dr. Lutz never asked for funding for SRHD to have its own lab.

171.    Dr. Lutz informed the Administrative Officer and the Board of the Spokane Regional Health District of the falsity of the statement in writing on November 5, 2020.

172.    On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD,

FIRST AMENDED COMPLAINT- 32

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

attorney for the SRHD, and numerous members of the public during a public special meeting, that Dr. Lutz had misrepresented who would author an opinion article on education which ultimately identified Dr. Lutz as one of the authors.

173.     Defendant knew this statement was false because she asked Dr. Lutz to write such an article, there was never any statement that it would be authored solely by a third-party, and the article was reviewed and approved by the Administrative Officer prior to it being published. Additionally, the Administrative Officer discussed the opinion article topics with Dr. Lutz and approved the topics prior to the articles being published.

174.     Dr. Lutz informed the Administrative Officer and the Board of the Spokane Regional Health District of the falsity of the statement in writing on November 5, 2020.

175.     On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD, attorney for the SRHD, and numerous members of the public during a public special meeting, that Dr. Lutz failed to engage with Incident Commanders during the COVID pandemic.

176.     Defendant knew this statement was false because she was involved in updates and conversations with Dr. Lutz regarding Incident Command, and Incident Commander Ed Lewis informed the Administrative Officer in writing

FIRST AMENDED COMPLAINT- 33

prior to her making the statements that her statements were false because Dr. Lutz was very engaged with them and kept them informed.

177.     Dr. Lutz informed the Administrative Officer and the Board of the Spokane Regional Health District of the falsity of the statement in writing on November 5, 2020.

178.     On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD, attorney for the SRHD, and numerous members of the public during a public special meeting, that Dr. Lutz authorized a field hospital for inmates without informing the Administrative Officer.

179.     Defendant knew this statement was false because both Dr. Lutz and Incident Commander Chandra Fox informed the Administrative Officer prior to her making the statements that Dr. Lutz had not authorized a field hospital for inmates.

180.     Dr. Lutz informed the Administrative Officer and the Board of the Spokane Regional Health District of the falsity of the statement in writing on November 5, 2020.

181.     On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD, attorney for the SRHD, and numerous members of the public during a public special meeting, that Dr. Lutz said he did not want to be part of a team and he was

FIRST AMENDED COMPLAINT- 34

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

angry that the organization chart for the SRHD shows him reporting to the Administrative Officer.

182.    Defendant knew this statement was false because the Administrative Officer was present during her meeting with Dr. Lutz and is aware Dr. Lutz never made any statement about not wanting to be part of a team. Additionally, Dr. Lutz was not angry about the reporting structure of the SRHD but did indicate his concern that the structure provided that the local health officer was only involved in tuberculosis programs – which is incorrect and would violate state statutes which require the local health officer's involvement.

183.    Dr. Lutz informed the Administrative Officer and the Board of the Spokane Regional Health District of the falsity of the statement in writing on November 5, 2020.

184.    On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD, attorney for the SRHD, and numerous members of the public during a public special meeting, that Dr. Lutz made negative comments to employees about beliefs that do not align with his.

185.    Defendant has acted with reckless disregard as to the falsity of this statement and failed to identify any actual issue or individual. Additionally, the Administrative Officer's comments are belied by the numerous staff comments provided to the Administrative Officer prior to her making the false statements

FIRST AMENDED COMPLAINT- 35

that stated Dr. Lutz in fact communicated with other employees in a professional manner.

186.    Dr. Lutz informed the Administrative Officer and the Board of the Spokane Regional Health District of the falsity of the statement in writing on November 5, 2020.

187.    On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD, attorney for the SRHD, and numerous members of the public during a public special meeting, that District Superintendent Michael Dunn complained that Dr. Lutz had botched the start of schools and that Dr. Lutz might not let anyone open and has had conversations with people that don't line up.

188.    Defendant knew this statement was false because no such statement was ever made. In fact, Superintendent Dunn informed the Administrative Officer in writing both before and after she made the statements, that the statements she was making were false and the alleged conversation never took place.

189.    Dr. Lutz informed the Administrative Officer and the Board of the Spokane Regional Health District of the falsity of the statement in writing on November 5, 2020.

190.    On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD, attorney for the SRHD, and numerous members of the public during a public

FIRST AMENDED COMPLAINT- 36

special meeting, that Dr. Lutz would bully and intimidate other staff and belittle female staff in a sexist way.

191.    Defendant never provided any specifics, names, dates, statements, etc. to support her false statements – nor could she as they did not exist. Additionally, there are no such complaints or allegations in Dr. Lutz' personnel file, which they would have to be if they were ever made.

192.    Dr. Lutz informed the Administrative Officer and the Board of the Spokane Regional Health District of the falsity of the statement in writing on November 5, 2020.

193.    On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD, attorney for the SRHD, and numerous members of the public during a public special meeting, that Dr. Lutz improperly used SRHD funds by purchasing a mobile hotspot for $217.35 and presenting the invoices for reimbursement; ordering food for SRHD staff and providing receipts for reimbursement; and not tracking his time and expenses for the Opioid Task Force.

194.    Defendant knew this statement was false because the Administrative Officer herself told Dr. Lutz he could be reimbursed for the hotspot and she herself approved the reimbursement; SRHD's Comptroller informed Dr. Lutz he could be reimbursed for food purchased for SRHD staff and the Comptroller accepted the receipts – upon being informed that the food would not be

FIRST AMENDED COMPLAINT- 37

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

reimbursed Dr. Lutz discontinued any request for reimbursement and continued to pay for food for SRHD staff out of his own pocket as he had always done; the Administrative Officer knew Dr. Lutz did in fact track his time for the Opioid Task Force and submitted his time cards, and no personal expenses were incurred.

195.    Dr. Lutz informed the Administrative Officer and the Board of the Spokane Regional Health District of the falsity of the statement in writing on November 5, 2020.

196.    On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD, attorney for the SRHD, and numerous members of the public during a public special meeting, that in 2018 Dr. Lutz massaged a female employee's neck and put his knee behind her knee.

197.    Defendant knew this statement was false because there was never any such report because it did not happen, and the Administrative Officer was not at the SRHD in 2018 and failed to speak with any alleged employee, yet the Administrative Officer still made the false statements.

198.    Dr. Lutz informed the Administrative Officer and the Board of the Spokane Regional Health District of the falsity of the statement in writing on November 5, 2020.

199.    On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD,

FIRST AMENDED COMPLAINT- 38

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

attorney for the SRHD, and numerous members of the public during a public special meeting, that Dr. Lutz used his position as Health Officer to further his personal agenda and that he is not permitted to speak on "controversial topics" such as suicide prevention and climate change.

200.    Defendant knew this statement was false because prior to making the false statements she was informed by Dr. Lutz and SRHD staff that Dr. Lutz did not make any such statements and that suicide prevention was appropriate at the meeting and otherwise dealing with suicide as a public health issue.

201.    Dr. Lutz informed the Administrative Officer and the Board of the Spokane Regional Health District of the falsity of the statement in writing on November 5, 2020.

202.    On November 5, 2020, the Administrative Officer of the SRHD falsely stated to members of the Board of the SRHD, employees of the SRHD, attorney for the SRHD, and numerous members of the public during a public special meeting, about Dr. Lutz promising jobs to personal acquaintances and changing the language of a job posting so only one person would be qualified.

203.    Defendant knew this statement was false or acted with reckless disregard because she was informed prior to her making the statements that they were false, and a simple review of the facts would have made it clear to her that Dr. Lutz did not promise anyone a job but did write a letter of recommendation, and the job position referenced needed the requirement that individual hired

FIRST AMENDED COMPLAINT- 39

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1    needed to be fluent in Marshallese as they would be working directly with the

2    Marshallese community in Spokane.

3        204.    Dr. Lutz informed the Administrative Officer and the Board of the

4    Spokane Regional Health District of the falsity of the statement in writing on

5    November 5, 2020.

6        205.    Dr. Lutz provided Defendant with the specific false statement, the

7    truth with respect to each false statement, and that Defendant correct the false

8    statements.

9        206.    SRHD never corrected the false and defamatory statements.

10       207.    On October 7, 2021, and on October 8, 2021, Dr. Lutz again informed

11   Defendant of the defamatory statements which were identified in detail in writing

12   on November 5, 2020, and demand for correction.

13       208.    SRHD never corrected the false and defamatory statements.

14       209.    On January 31, 2023, and February 23, 223, Plaintiff again demanded

15   correct, retract, and cease all defamatory statements.

16       210.    SRHD never corrected or retracted the false and defamatory

17   statements.

18   //

FIRST AMENDED COMPLAINT- 40

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

# VI.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### Wrongful Termination in Violation of SRHD's Bylaws, RCW 70.05, and Washington's Administrative Procedures Act

211.    Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

212.    RCW 70.05.050 states that "No term of office shall be established for the local health officer, but the local health officer shall not be removed until after notice is given, and an opportunity for a hearing before the board or official responsible for his or her appointment under this section as to the reason for his or her removal."

213.    Consistent with this statutory mandate, SRHD's by-laws confirm the SRHD Board has the sole authority to terminate the District Health Officer. Article IV of SRHD's bylaws, section 3, provides: "The Board of Health shall approve the appointment and termination of a District Health Officer."

214.    Dr. Lutz was hired as SRHD's District Health Officer by the SRHD Board on or about May 17, 2017. Dr. Lutz reasonably relied upon both the SRHD's bylaws and RCW 70.05 in accepting this position.

215.    On October 29, 2020, without warning, notice, hearing or vote of the SRHD Board, Amelia Clark summarily terminated Dr. Lutz as SRHD's District Health Officer, "effective immediately," leaving SRHD with no District Health Officer.

FIRST AMENDED COMPLAINT- 41

216.    In an effort to ratify Ms. Clark's termination of Dr. Lutz, the SRHD Board hastily scheduled a public special meeting for November 5, 2020, providing Dr. Lutz less than 48-hours' notice.

217.    The Board ordered that Dr. Lutz had only 30 minutes at the special meeting to present his position. Dr. Lutz was not permitted to ask any questions of Ms. Clark, or any Board member, or to examine any other witness. No testimony was given under oath.

218.    Dr. Lutz objected to the special meeting, asserting that a proper hearing was governed by Washington's Administrative Procedures Act ("WAPA"), RCW 34.05, which, among other things, required at least 7-days' notice.

219.    SRHD maintained the WAPA did not apply and proceeded with the November 5, 2020, "special meeting" as scheduled.

220.    Ms. Clark's summary termination of Dr. Lutz on October 29, 2020 was illegal and in violation of RCW 70.05, SRHD's bylaws, and the WAPA.

221.    The after-the-fact attempt by the SRHD Board to confirm the termination was ineffective and the November 5, 2020, meeting was conducted in violation of RCW 70.05, the SRHD's bylaws, and the WAPA.

222.    As a result of this unlawful conduct, Dr. Lutz is entitled to immediate reinstatement to his position as District Health Officer, together with all damages he incurred as a result of the wrongful termination, including direct and

FIRST AMENDED COMPLAINT- 42

consequential damages, pain and suffering, and attorney fees and costs, all in an amount to be determined.

## SECOND CAUSE OF ACTION
### Wrongful Termination in Violation of RCW 70.05 and RCW 42.30.110

223.    Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

224.    The SRHD Board met in an executive session on October 29, 2020, to discuss the employment of Dr. Lutz.

225.    To date, SRHD and the Board have refused to disclose what was discussed during this session, including whether any official actions or decisions were taken with respect to Dr. Lutz.

226.    If any official actions, decisions or votes were taken with respect to the continued employment of Dr. Lutz during the October 29, 2020, including authorizing Ms. Clark to terminate Dr. Lutz's employment, such action was illegal and invalid under Washington law, including RCW 70.05.050, RCW 42.30.110 and RCW 34.05.

227.    To the extent Dr. Lutz's termination is based in any way on decisions, votes or directives given by the SRHD Board during the October 29, 2020 executive session, Dr. Lutz is entitled to immediate reinstatement to his position as Health Officer, together with all damages he incurred as a result of the

FIRST AMENDED COMPLAINT- 43

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

wrongful termination, including direct and consequential damages, pain and suffering, and attorney fees and costs, all in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Wrongful Termination –Lack of Notice of the Reason for Removal

228.   Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

229.   As the SRHD's LHO, Dr. Lutz's job duties and responsibilities were defined by state law, including in RCW 70.05.070, WAC 246-101-505 and WAC 246-100-036.

230.   RCW 70.05.050, states in relevant part: "No term of office shall be established for the local health officer but the local health officer shall not be removed until after notice is given, and an opportunity for a hearing before the board or official responsible for his or her appointment under this section as to the reason for his or her removal."

231.   The SRHD did not provide the purported reason or notice of the purported reason or justification to terminate Dr. Lutz as the SRHD's District Health Officer.

232.   The SRHD's Board's termination of Dr. Lutz was wrongful and in violation of Washington law.

233.   Dr. Lutz was not given the actual reason for his removal and Dr. Lutz was not given notice of the reason for removal.

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

234.   As a result of his wrongful termination, Dr. Lutz is entitled to immediate reinstatement to his position as District Health Officer, together with all damages he incurred as a result of the wrongful termination, including direct and consequential damages, pain and suffering, and attorney fees and costs, all in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**Wrongful Termination in Violation of Procedural Due Process Rights of the Fifth and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983, and Wash. Const. Article 1, Section 3.**

235.   Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

236.   SRHD, by the acts of its agents, and Amelia Clark wrongfully terminated and retaliated against Dr. Lutz in violation of his procedural due process rights under the 5th and 14th Amendments to the U.S. Constitution, 42 U.S.C. § 1983 and Article 1, section 3 of the Washington Constitution.

237.   As a result of his wrongful termination and retaliation, Dr. Lutz is entitled to immediate reinstatement to his position as District Health Officer, together with all damages he incurred as a result of Defendants' actions, including direct and consequential damages, pain and suffering, and attorney fees and costs, all in an amount to be determined at trial.

FIRST AMENDED COMPLAINT- 45

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

## FIFTH CAUSE OF ACTION
**Wrongful Termination in Violation of Free Speech Rights of the 1ˢᵗ Amendment to the U.S. Constitution, 42 U.S.C. § 1983, and Wash. Const. Article 1, Section 4.**

238.   Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

239.   SRHD, by the acts of its agents, and Amelia Clark wrongfully terminated and retaliated against Dr. Lutz in violation of his free speech rights under the 1ˢᵗ Amendment to the U.S. Constitution, 42 U.S.C. § 1983 and Article 1, section 4 of the Washington Constitution.

240.   As a result of his wrongful termination and retaliation, Dr. Lutz is entitled to immediate reinstatement to his position as District Health Officer, together with all damages he incurred as a result of Defendants' actions, including direct and consequential damages, pain and suffering, and attorney fees and costs, all in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
**Defamation**

241.   Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

242.   SRHD, by the acts of its agents, and Amelia Clark perpetuated and aided in the defamation of Dr. Lutz by knowingly, or with reckless disregard for the truth, making unprivileged false and untruthful statements about his ethics,

FIRST AMENDED COMPLAINT- 46

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

professionalism, misappropriation of public funds and the performance of his job as detailed above.

243.   Dr. Lutz has identified the false statements in writing and provided SRHD with the true facts in contradiction to the false and defamatory statements.

244.   Dr. Lutz has requested and demanded on multiple occasions that SRHD correct and retract the false and defamatory statements.

245.   The SRHD has not corrected or retracted any of the statements.

246.   As a result of the false and defamatory statements, Dr. Lutz is entitled to all resulting damages he incurred as a result of Defendants' actions, including direct and consequential damages, pain and suffering, and attorney fees and costs, all in an amount to be determined at trial.

## VII.   PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment against the Defendant for the following relief:

1.     For immediate reinstatement of Dr. Lutz as SRHD's District Health Officer;

2.     For all damages sustained by Dr. Lutz, including but not limited to lost wages, lost benefits, lost future earnings, lost earning potential, emotional distress, damage to reputation, pain and suffering, and other general damages;

3.     For pre- and post-judgment interest;

FIRST AMENDED COMPLAINT- 47

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

4.  For all costs, including reasonable attorneys' fees, incurred in this action;

5.  For the tax consequences of an award of judgment;

6.  Punitive damages pursuant to 42 U.S.C. § 1983;

7.  For such other and further relief as the Court deems just and equitable.

DATED this 28th day of December, 2023.

LEE & HAYES, P.C.

By:

_____
Robert J. Carlson, WSBA # 18455
Caleb A. Hatch, WSBA # 51292
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Email: Carlson@LeeHayes.com
Email: Caleb.Hatch@LeeHayes.com

*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT- 48

1

## **CERTIFICATE OF SERVICE**

2

3          I hereby certify that on December 28, 2023, I caused the foregoing to be electronically

4     filed with the Clerk of the Court using the CM/ECF System which in turn automatically

5     generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users

6     of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic

7     notice.

8
                                              s/ Caleb Hatch
9                                             Caleb Hatch, WSBA # 51292
                                              LEE & HAYES, P.C.
10                                            601 W. Riverside Ave. Suite 1400
                                              Spokane, WA 99201
11                                            Telephone: (509) 324-9256
                                              Fax: (509) 323-8979
12                                            Email: caleb.hatch@leehayes.com

13                                            *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

FIRST AMENDED COMPLAINT- 49

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979