HONORABLE MARY K. DIMKE

HEATHER C. YAKELY, WSBA #28848
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT B. LUTZ, MD, MPH, a married man,<br><br>Plaintiff,<br><br>vs.<br><br>SPOKANE REGIONAL HEALTH DISTRICT,<br><br>Defendants. | Case No.  2:22-CV-0028-MKD<br><br>DEFENDANTS' **AMENDED** ANSWER TO FIRST AMENDED COMPLAINT |

COME NOW defendants, by and through the undersigned counsel of the law firm of Evans, Craven & Lackie, P.S. and for Answer to the Plaintiff's Complaint, admits, denies and alleges as follows:

## I.    INTRODUCTION

For answer to paragraph 1 of Plaintiff's Complaint, to the extent this paragraph sets forth any factual allegations, Defendants deny.

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

## II.    PARTIES

1. For answer to paragraph 1 of Plaintiff's Complaint, Defendants admit the same.

2. For answer to paragraph 2 of Plaintiff's Complaint, Defendants admit the same.

3. For answer to paragraph 3 of Plaintiff's Complaint, Defendants admit the same.

## III.    JURISDICTION AND VENUE

4. For answer to paragraph 4 of Plaintiff's Complaint, Defendants admit the same.

## IV.    STATUTORY PRE-REQUISITES

5. For answer to paragraph 5 of Plaintiff's Complaint, Defendants admit the same.

6. For answer to paragraph 6 of Plaintiff's Complaint, Defendants admit the same.

## V.    FACTS

7. For answer to paragraph 7 of Plaintiff's Complaint, Defendants are without sufficient information to admit or deny and therefore deny the same.

**Spokane Regional Health District**

8. For answer to paragraph 7 of Plaintiff's Complaint, Defendants are without sufficient information to admit or deny and therefore deny the same.

EVANS, CRAVEN & LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

9. Defendants are without sufficient information to admit or deny and therefore deny the same.

10. No answer is required, the duties are set forth in RCW 70.05.060 and 70.46.060.

11. No answer is required, the duties are set forth in RCW 70.05.060 and 70.46.060 except as to sovereign tribal nations and Indian Health programs to which there is insufficient information to admit or deny and therefore deny.

12. No answer is required, the duties are set forth in RCW 70.05.060 and 70.46.060, to the extent those duties enumerated do not "require collaboration," Defendant denies the same.

13. Defendants are without sufficient information to admit or deny and therefore deny the same, to the extent that SRHD has responsibilities they are set forth in RCW 70.05.060 and RCW 70.46.060.

14. Deny to the extent that this paragraph alleges that SRHD is a state function. The duties are set forth in RCW 70.05.060 and 70.46.060.

15. Deny. The duties are set forth by Washington Statute.

16. Deny. SRHD is a local health district formed under RCW 70.46. et seq.

17. Defendants are without sufficient information to admit or deny and therefore deny.

18. Admit that there are local public health departments and local health districts in Washington State. Defendants are without sufficient

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

information to admit or deny as to the characterization of "decentralized governmental public health" and therefore denies the same.

19. Deny.

20. Defendants are without sufficient information to admit or deny and therefore deny the same.

21. This paragraph calls for a legal conclusion and therefore no answer is required.

22. This paragraph calls for a legal conclusion and therefore no answer is required.

23. This paragraph calls for a legal conclusion and therefore no answer is required.

24. Deny.

25. Deny, the District is a municipal corporation.

26. Without sufficient information to admit or deny and therefore deny the same, it is unclear if this allegation refers to pass through dollars.

27. Without sufficient information to admit or deny and therefore deny the same, it is unclear if this allegation refers to pass through dollars.

28. Without sufficient information to admit or deny and therefore deny the same, it is unclear if this allegation refers to pass through dollars.

29. Without sufficient information to admit or deny and therefore deny the same.



EVANS, CRAVEN & LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

30. Without sufficient information to admit or deny and therefore deny the same, it is unclear if this allegation refers to pass through dollars.

31. Admit the Board is a governing body, however deny the remainder of the paragraph as the Board does set public health policy for Spokane County.

32.   Calls for a legal conclusion and no answer is required.

33. Admit. .

34. Defendants admit to the extent that the testimony if accurately quoted speaks for itself and no answer is required.

35. Defendants admit to the extent that the testimony if accurately quoted speaks for itself and no answer is required.

36. Defendants admit to the extent that the testimony if accurately quoted speaks for itself and no answer is required.

37. This paragraph is vague and unclear.  To that extent defendants are without sufficient information to admit or deny and therefore deny the same.

38. Deny.

39. Without sufficient information to admit or deny and therefore deny the same.

40. This paragraph calls for a legal conclusion and therefore no answer is required.

41. Admit to the extent that SRHD provides reports to State Board of Health. Deny the remainder of the paragraph and affirmatively assert that SRHD's jurisdiction is Spokane County.

DEFENDANTS' **AMENDED** ANSWER TO FIRST AMENDED
COMPLAINT - page 5


**EVANS, CRAVEN & LACKIE, P.S.**

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

42. Admit.

43. Admit to the extent that there was no State requirement for a medical provider to be on any local Health Board until 2021 per House Bill 1152.

44. Deny to the extent that this paragraph seems to allude to a requirement. There is no State Requirement that a Local Health Officer ("LHO") is required to be "trained and experienced in public Health."

45. Admit to the extent that the position is required by State Statute.

46. Admit to the extent that the position is required by State Statute.

47. Admit that the qualifications are set forth by Washington Statute.

48. Calls for a legal conclusion, and no answers are required. RCW 70.05.053 sets forth the rules for provision health officers.

49. This paragraph calls for a legal conclusion and therefore no answer is required.

50. Without sufficient information to admit or deny and therefore denies the same.

51. Admit

52. Deny to the extent that this paragraph calls for an improper legal conclusion. However, Defendants affirmatively assert, Plaintiff failed to "be responsible to the Administrator for his/her official actions."

53. Admit.

54. Deny to the extent that this paragraph calls for an improper legal conclusion.

**Dr. Lutz's Role**



EVANS, CRAVEN
& LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

55. Admit.

56. Admit to the extent that the statutes speak for themselves.  However, Defendants affirmatively assert that local health boards can also set job duties and requirements and the LHO is also required to be responsible to the Administrative Officer.

57. Admit to the extent that the statutes speak for themselves and that the LHO must follow statutory requirements.  However, deny to the extent that there are other duties and responsibilities that Plaintiff was required to follow and failed to do so.

**Dr. Lutz's Job Performance from May 2017 – September 16, 2019**

58. Admit to the extent that the document speaks for itself.

59. Admit to the extent that the document speaks for itself.

**Amelia Clark Hired as Administrative Officer**

60. Admit to the extent that a search process began.  Deny to the extent that Plaintiff chose not to participate in the process.

61. Admit.

62. Admit. Defendants affirmatively assert this was not the forum that performance issues or concerns would be raised.

**Gun Violence, Public Health, and Free Speech**

63. Without sufficient information to admit or deny and therefore deny the same.

DEFENDANTS' **AMENDED** ANSWER TO FIRST AMENDED
COMPLAINT - page 7



EVANS, CRAVEN
& LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

64. Without sufficient information to admit or deny and therefore deny the mental state of board members. Defendants affirmatively assert that the District and the LHO are not permitted to lobby or advocate for a position. Op-Ed pieces are not proper actions in an official capacity.  Admit to the extent that Bob Lutz has a right to submit an opinion letter in his personal capacity, not as the LHO for Spokane Regional Health District.  Deny that any such obligation exists.  Defendants further affirmatively assert that the Board spoke with Plaintiff about offering opinions on behalf of the District without its approval.

65. Without sufficient information to admit or deny, therefore deny the same.

66. Admit to the extent that the interim AO discussed Plaintiff's expression of his views but deny to the extent that Plaintiff used language designed to solicit an opinion at a staff meeting.  Defendants affirmatively assert that the intent of the Health District is to build bridges to better the community and by offering a divisive statement Plaintiff went directly against the District's intent and purpose of bridging gaps on public health issues which generally, without more, are already divisive.

67. Without sufficient information to admit or deny and therefore deny the same

**George Floyd, Racism, Public Health and Free Speech**

68. Admit.

69. Deny.

DEFENDANTS' AMENDED ANSWER TO FIRST AMENDED COMPLAINT - page 8



EVANS, CRAVEN
& LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

70. Without sufficient information to admit or deny and therefore deny the same.

71. Admit to the extent that Washington had a "shelter in place," Order in place at that time. As the LHO, Plaintiff chose to ignore the Governor's Order.

72. Deny.

73. Plaintiff fails to identify any "certain" Board members, so without sufficient information to admit or deny and therefore denies the same.

74. Admit to the extent that a meeting occurred and that he was told to separate his personal views from actions that could be connected to SRHD. Deny to the extent that the issue was that he violated a State Order as the LHO. The issue was not that he attended a "peaceful race protest."

75. Admit that a resolution was passed. Admit that Amelia Clark approved an op-ed. Deny the remainder the paragraph.

76. Admit. The pressing health issue as of May, 2020 was COVID-19 and the Department of Health had recommended that Districts address COVID-19 and schools. Plaintiff was asked to focus on the schools and he refused to do so.

77. Deny.

78. Deny.

79. Deny to the extent that any disclaimer was required.

**Dr. Lutz's Response to COVID-19**

80. Admit.

DEFENDANTS' AMENDED ANSWER TO FIRST AMENDED
COMPLAINT - page 9



EVANS, CRAVEN
& LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

81. Admit.

82. Admit.   Defendants affirmatively assert that LHOs generally were criticized during COVID because of the differing opinions on COVID in general.

83. Admit to the extent that even at the beginning of the COVID-19 protocols, the public had very divisive opinions on the response to COVID-19.

84. Admit that it was canceled, deny as to the characterization of "forced." Plaintiff was complying with Governor Inslee's Orders which the District is tasked with following.

85. Without sufficient information to admit or deny; admit to the extent that may people would have had negative opinions about the event being canceled.

86. Without sufficient information to admit or deny conversations with Kate Hudson or Mayor Nadine Woodward.  Deny to the extent that this was not Plaintiff' Order it was a State Mandate which was divisive.

87. Without sufficient information to admit or deny and therefore deny the same.

88. Admit.

89. Admit.

90. Deny to the extent that Defendants do not agree with the characterization as "push-back."

91. Deny

EVANS, CRAVEN & LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

**Political Pressure to Reopen the Economy Despite Public Health Concerns; and Pressure to Fire Dr. Lutz**

92. Deny to the extent that Defendants do not agree with the characterization as "pressure."

93. Deny.  Defendants further affirmatively assert that Plaintiff was walking out of meetings and was not an active participant in conversations surrounding the tough issues raised by COVID-19.

94. Without sufficient information to admit or deny therefore deny the same.

95. Admit.

96. Admit to the extent that the letter was printed in the Spokesman review and speaks for itself.  Deny to the extent that the letter as printed shows that Plaintiff was in agreement with the request.

97. Without sufficient information to admit or deny and therefore deny the same.

98. Admit to the May, 2020 date which was in line with the State Mandate. Without sufficient information to admit or deny the remainder of the paragraph and therefore deny the same. Defendants affirmatively assert that there have always been conflicting opinions on COVID-19 precautions, questions about process and requirements are not a lack of support per se.

99. Admit to the date of the variance.  Without sufficient information to admit or deny the remainder and therefore deny the same.

EVANS, CRAVEN & LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

100.    Admit to the extent that the SRHD received complaints continually about COVID-19 in particular.   Without review of the specific emails without sufficient information to admit or deny and therefore deny the same.

101.    Deny.

102.    Admit to the extent that there was significant pressure generally to move to Phase 3. Without sufficient information to admit or deny specifically pressure "on Plaintiff," therefore deny the remainder of the paragraph.

103.    Admit that a meeting occurred on June 15, 2020 to discuss issues. Deny the remainder of the paragraph.

104.    Admit that there were no formal personnel complaints made, there were complaints made by citizens. Admit that there was no performance evaluation completed.

105.    Deny.

106.    Admit that a letter was sent from the County Commissioners to Plaintiff regarding Phase 3 on June 17. Deny the remainder of the paragraph.

107.    Deny.

108.    Without sufficient information to admit or deny the reasons behind Plaintiff denial and therefore deny the same. Admit the remainder of the paragraph.   However, deny to the extent that the PIP is tied in any way to Plaintiff' decision not to move to Phase 3.

EVANS, CRAVEN & LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

109.    Admit that there was no formal performance plan issued to Plaintiff. Deny to the extent that concerns related to his performance were not discussed with Plaintiff on or about June 24, 2020, including that Plaintiff was required to attend the regularly scheduled meetings with Ms. Clark. Without sufficient information to admit or deny characterization of Ms. Kuney's statement and therefore denies the same.

110.    Admit that a performance improvement plan was drafted. Defendants affirmatively assert that draft personnel documents are not maintained in personnel files nor given to employees unless formally issued.

**Pressure on Dr. Lutz Regarding Reopening Schools**

111.    Admit.

112.    Deny.

113.    Admit to the extent that Plaintiff would not communicate directly with various district opening members and they reached out to Ms. Clark for assistance.

**Dr. Lutz States Current Data May Require a Return to Phase 2**

114.    Without sufficient information to admit or deny to the extent that no articles have been provided. Admit to the extent that the articles would speak for themselves.

115.    Admit to the extent that the SRHD received complaints continually about COVID-19 in particular. Without review of the specific emails without sufficient information to admit or deny and therefore deny the same.



**EVANS, CRAVEN & LACKIE, P.S.**
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

**October 29, 2020 -- SRHD Board Executive Session**

116.    Admit to the fact that the SRHD board met on October 29. 2020. Deny to the extent that any connection between Phase 2 and Plaintiff' job performance is intimated.

117.    Admit.

118.    Admit to the extent that there is nothing in Plaintiff' personnel files regarding then current performance issues.  Deny the remainder of the paragraph.

119.    Admit.

120.    Deny to the extent that the PIP already existed.  Admit that there was a draft Separation Agreement prepared.  Deny the remainder of the paragraph.

121.    Deny to the extent that "authorization" was never raised by Plaintiff.

122.    It is unknown what version of the bylaws this allegation refers to so therefore without sufficient information to admit or deny and therefore deny the same.

123.    It is unknown what version of the bylaws this allegation refers to so therefore without sufficient information to admit or deny and therefore deny the same.

124.    Deny to the extent that Dr. Lutz' termination is set forth by Statute which does not provide for just cause.

EVANS, CRAVEN
& LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1

2

3

**October 29, 2020, SRHD Fires Dr. Lutz**

125.    Admit.

126.    Deny.

127.    Deny.

128.    Deny.

129.    Admit to the extent that Ms. Clark contacted Sam Artzis and asked him to act as an interim health officer.  Deny the remainder of the paragraph.

130.    Defendant is without sufficient information to admit or deny and therefore deny the same.

131.    Deny.   Defendant's affirmatively assert that Plaintiff was on administrative leave.

132.    Deny

133.    If accurately quoted, Defendants admit that the document speaks for itself and no answer is required.   Defendants deny to the extent that testimony is not recalled the same by all parties.

134.    Deny.

135.    Defendants are without sufficient information to admit or deny based on characterization of "action."

136.    Defendants admit that there was an investigation into Dr. Lutz' termination but deny that there was a preliminary "finding" by the State Board of Health.



EVANS, CRAVEN & LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

137.    Admit that there was a hearing set and to be heard by an Administrative Law Judge.  Deny to the extent that it was dismissed because the "SRHD's Administrative Officer Agreed to cease being the Administrative officer ...."  Defendants affirmatively assert that the AO, Ms. Clark accepted a position in Indiana to escape the persecution by Dr. Lutz.

138.    This paragraph calls for a legal conclusion and no answer is required.

139.    Deny.

**SRHD Tries to Revise and Recharacterize Termination**

140.    Deny to the extent that this calls for a legal conclusion and no answer is required.

141.    Calls for a legal conclusion and no answer is required.

142.    This paragraph calls for a legal conclusion and no answer is required.  Not withstanding, Defendants deny the same.

143.    This paragraph calls for a legal conclusion and no answer is required.  Not withstanding, Defendants deny the same.

144.    Admit to the extent that Plaintiff was provided a hearing on November 5, 2020. Deny the remainder of the paragraph.

145.    Calls for a legal conclusion and no answer is required.

146.    Deny.

147.    Deny.

148.    Deny to the extent that this allegation mischaracterizes testimony.

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

149.     Without sufficient information to admit or deny and therefore deny the same.

150.     Without sufficient information to admit or deny and therefore deny the same.

151.     Deny to the extent that witness statements were provided by Plaintiff.

152.     Admit the meeting was adjourned to an executive session.

153.     Deny to the extent that if this is alleged to be quoted testimony it is misquoted.  Further, deny to the extent that it mischaracterizes testimony.

154.     Deny.  Defendants affirmatively assert that there is no requirement, legal or otherwise, that provides for any particular "notice and opportunity to respond."

155.     If answered, this allegation violates privilege and therefore no answer is required.  Defendants admit there was an executive session and further admit that Dr. Lutz was not in attendance.

156.     Deny.

157.     Without sufficient information to admit or deny and therefore denies the same to the extent that this paragraph is an assumption and not based on fact.

158.     Deny.

159.     Deny as to RCW 70.05.050.  Defendants deny as to WAPA and further affirmatively assert that there is no requirement, legal or otherwise, that provides for any particular "notice and opportunity to respond."



EVANS, CRAVEN & LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

160.    Deny.

161.    Deny.

162.    Deny.

163.    Deny to the falsity of any statement.  Without sufficient information to admit or deny the remainder of the paragraph and therefore denies the same.

164.    Deny.

165.    Admit Dr. Lutz told the AO and Board on November 5, 2020 that he didn't intend on signing the letter.  Deny the remainder of the paragraph.

166.    Deny.

167.    Deny.

168.    Admit Dr. Lutz wrote a written response to the allegations at the November 5, 2020 meeting.

169.    Deny.

170.    Deny.

171.    Admit Dr. Lutz wrote a written response to the November 5, 2020 meeting and denied allegations set forth therein.

172.    Deny.

173.    Deny.

174.    Admit Dr. Lutz wrote a written response to the allegations addressed at the November 5, 2020

175.    Deny.

DEFENDANTS' **AMENDED** ANSWER TO FIRST AMENDED COMPLAINT - page 18

EVANS, CRAVEN
& LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

176.     Deny.

177.     Admit Dr. Lutz wrote a written response to the allegations addressed at the November 5, 2020

178.     Deny.

179.     Deny.

180.     Admit Dr. Lutz wrote a written response to the November 5, 2020 meeting and denied allegations set forth therein.

181.     Deny.

182.     Deny.

183.     Admit Dr. Lutz wrote a written response to the allegations addressed at the November 5, 2020.

184.     Deny.

185.     Deny.

186.     Admit Dr. Lutz wrote a written response to the November 5, 2020 meeting and denied allegations set forth therein.

187.     Deny.

188.     Deny.

189.     Admit Dr. Lutz wrote a written response to the allegations addressed at the November 5, 2020

190.     Deny.

191.     Deny.



EVANS, CRAVEN
& LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

192.    Admit that Dr. Lutz wrote a written response to the allegations addressed at the November 5, 2020 meeting.

193.    Deny.

194.    Deny.

195.    Admit Dr. Lutz wrote a written response to the allegations addressed at the November 5, 2020

196.    Deny.

197.    Deny.

198.    Admit Dr. Lutz wrote a written response to the allegations addressed at the November 5, 2020.

199.    Deny.

200.    Deny.

201.    Admit Dr. Lutz wrote a written response to the allegations addressed at the November 5, 2020.

202.    Deny.

203.    Deny.

204.    Admit Dr. Lutz wrote a written response to the allegations addressed at the November 5, 2020.

205.    Deny

206.    Deny.

207.    Deny.

208.    Deny.

DEFENDANTS' AMENDED ANSWER TO FIRST AMENDED COMPLAINT - page 20



EVANS, CRAVEN
& LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1    209.    Deny.

2    210.    Deny.

3

4    **VI.    CAUSES OF ACTION**
     **FIRST CAUSE OF ACTION**
5    **Wrongful Termination in Violation of SRHD's Bylaws, RCW 70.05, and**
     **Washington's Administrative Procedures Act**
6    211.    Admit or deny as set for above.

7
8    212.    No answer is required as the statute speaks for itself.

9    213.    No answer is required as the by-laws speak for themselves and calls
10
11    for a legal conclusion

12    214.    Admit Plaintiff was hired on about May 17, 2017.  Without sufficient

13    information to admit or deny and therefore deny the remainder.

14    215.    Deny.
15
16    216.    Deny.

17    217.    Deny.

18    218.    The correspondence speaks for itself and no answer is required.
19
20    219.    Admit.

21    220.    Calls for a legal conclusion and no answer is required.  However,
22
23    Deny.

24    221.    Deny.
25    222.    Deny.

26

27

28

29

30
     DEFENDANTS' AMENDED ANSWER TO FIRST AMENDED
     COMPLAINT - page 21



EVANS, CRAVEN
& LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

## **SECOND CAUSE OF ACTION**
**Wrongful Termination in Violation of RCW 70.05 and RCW 42.30.110**

223.    Admit or deny as set forth above.

224.    Admit.

225.    Admit.  This information is privileged attorney client privilege and protected by the executive session privilege.

226.    Calls for a legal conclusion and no answer is required. Notwithstanding, Deny.

227.    Deny.

## **THIRD CAUSE OF ACTION**
**Wrongful Termination –Lack of Notice of the Reason for Removal**

228.    Admit or deny as set forth herein.

229.    Admit that these statutes provide some of the duties of Plaintiff. Defendants affirmatively assert that they are not the only sources of "job duties and responsibilities" that Plaintiff was required to follow.

230.    No answer is required as the statute speaks for itself

231.    Deny.

232.    Calls for a legal conclusion and no answer is required. Notwithstanding, Deny.

233.    Deny.

234.    Deny.

EVANS, CRAVEN & LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

## FOURTH CAUSE OF ACTION
**Wrongful Termination in Violation of Procedural Due Process Rights of the Fifth and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983, and Wash. Const. Article 1, Section 3.**

235.    Admit or deny as set forth above.

236.    Deny.

237.    Deny.

## FIFTH CAUSE OF ACTION
**Wrongful Termination in Violation of Free Speech Rights of the 1st Amendment to the U.S. Constitution, 42 U.S.C. § 1983, and Wash. Const. Article 1, Section 4.**

238.    Admit or deny as set forth above.

239.    Deny.

240.    Deny.

## SIXTH CAUSE OF ACTION
**Defamation**

241.    Admit or deny as set forth above.

242.    Deny.

243.    Deny.

244.    Deny.

245.    Deny.

246.    Deny.

EVANS, CRAVEN & LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

## VII.   **PRAYER FOR RELIEF**

1. For answer to prayer for relief 1 of Plaintiff's Complaint, to the extent that any factual allegations are set forth Defendants deny the same.

2. For answer to prayer for relief 2 of Plaintiff's Complaint, to the extent that any factual allegations are set forth Defendants deny the same.

3. For answer to prayer for relief 3 of Plaintiff's Complaint, to the extent that any factual allegations are set forth Defendants deny the same.

4. For answer to prayer for relief 4 of Plaintiff's Complaint, to the extent that any factual allegations are set forth Defendants deny the same.

5. For answer to prayer for relief 5 of Plaintiff's Complaint, to the extent that any factual allegations are set forth Defendants deny the same.

6. For answer to prayer for relief 6 of Plaintiff's Complaint, to the extent that any factual allegations are set forth Defendants deny the same.

7. For answer to prayer for relief 7 of Plaintiff's Complaint, to the extent that any factual allegations are set forth Defendants deny the same.

## **AFFIRMATIVE DEFENSES**

WHEREFORE, having fully answered Plaintiffs Complaint, Defendant asserts these affirmative defenses pursuant to CR 12.  Discovery has not yet been completed.  These answers and affirmative defenses are set forth solely to avoid any motion for default being filed.  As a result, Defendant reserves its right to add, strike or modify its affirmative defenses as discovery progresses.  Defendant

DEFENDANTS' **AMENDED** ANSWER TO FIRST AMENDED
COMPLAINT - page 24

**EVANS, CRAVEN & LACKIE, P.S.**
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

specifically waives no defenses that may be available as discovery and the investigation may warrant.

1.  Plaintiff's Complaint fails, in whole or in part, to state claims or causes of action upon which relief may be granted.

2.  Discovery may reveal Plaintiff's damages and/or injuries, if any were caused by Plaintiffs over whom Defendant had no responsibility or control.

3.  Discovery may reveal Plaintiff's damages and/or injuries, if any were caused by intervening or supervening causes which were not foreseeable and over which Defendant had no responsibility or control.

4.  Defendant reserves the right to amend these affirmative defenses as dictated by discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays for relief as follows:

1.  An order dismissing, with prejudice, Plaintiffs' Complaint;

2.  An order awarding Defendant costs and reasonable attorney fees; and

3.  An order for such other and further relief as law and equity may allow following further discovery.

EVANS, CRAVEN
& LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

DATED:  March 7, 2024.

EVANS, CRAVEN & LACKIE, P.S.

By ___s/ Heather C. Yakely_____
HEATHER C. YAKELY, #28848
Attorneys for Defendants
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
(509) 455-3632 facsimile
hyakely@ecl-law.com

DEFENDANTS' AMENDED ANSWER TO FIRST AMENDED
COMPLAINT - page 26



EVANS, CRAVEN
& LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1

CERTIFICATE OF SERVICE

2

3        I hereby certify that on March 7, 2024, I electronically filed the foregoing

4

with the Clerk of the Court using the CM/ECF System which will send notification

5

6    of such filing to the following listed attorneys:

7              Robert James Carlson - Bob@leehayes.com
8              Caleb Andrew Hatch - caleb.hatch@leehayes.com

9

10

11                         /s Heather C. Yakely
12                         HEATHER C. YAKELY, #28848
                           Attorneys for Defendants
13                         Evans, Craven & Lackie, P.S.
14                         818 W. Riverside Ave., Ste. 250
                           Spokane, WA 99201
15                         (509) 455-5200
16                         (509) 455-3632 facsimile
17                         hyakely@ecl-law.com

18

19

20

21

22

23

24

25

26

27

28

29

30

DEFENDANTS' **AMENDED** ANSWER TO FIRST AMENDED
COMPLAINT - page 27



**EVANS, CRAVEN
& LACKIE, P.S.**

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632