FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT B. LUTZ, MD, MPH, a married man,<br><br>    Plaintiff,<br><br>    v.<br><br>SPOKANE REGIONAL HEALTH DISTRICT, a Washington State local public health agency,<br><br>    Defendant. | No.  2:22-CV-00028-SAB<br><br>**ORDER GRANTING, IN PART, SUMMARY JUDGMENT; REMANDING STATE LAW CLAIMS** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 88. Plaintiff is represented by Charles Hausberg and Michael Maurer. Defendant is represented by Heather Yakely. The motion was considered without oral argument.

Defendant moves the Court for summary judgment as to all of Plaintiff's claims. Plaintiff requested a hearing on the motion, but the Court finds oral argument not warranted, given the law and undisputed facts. LCivR 7(i)(3)(B)(iii).

For the reasons stated below, the Court grants Defendant summary judgment as to the federal law claims and remands the case for the remaining state law claims.

//

**ORDER GRANTING, IN PART, SUMMARY JUDGMENT; REMANDING STATE LAW CLAIMS** ~ 1

## I. BACKGROUND

Plaintiff Dr. Robert Lutz filed this case in Spokane Superior Court on February 8, 2022. Defendant Spokane Regional Health District ("SRHD") removed the matter to the U.S. District Court for the Eastern District of Washington on February 23, 2022, pursuant to 28 U.S.C. § 1331 and 1441.

On December 28, 2023, Dr. Lutz filed his First Amended Complaint alleging claims for: (1) wrongful termination in violation of SRHD's bylaws, Wash. Rev. Code § 70.05, and the Washington Administrative Procedures Act ("WAPA"); (2) wrongful termination in violation of Wash. Rev. Code § 70.05 and 42.30.110; (3) wrongful termination for lack of notice of the reason for removal; (4) wrongful termination and a violation of procedural due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution pursuant to 42 U.S.C. § 1983, and Wash. Const. Article 1, Section 3; (5) wrongful termination in violation of the First Amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983, and Wash. Const. Article 1, Section 4; and (6) defamation.

Dr. Lutz is a Board-Certified physician in integrative medicine who previously worked for SRHD as a District Health Officer, also referred to as Local Health Officer ("LHO"). SRHD is a public health agency maintained by Washington State and operating under Wash. Rev. Code § 70.05.

The SRHD bylaws state, in relevant part:

**Article II – Purpose**

The primary purpose of the Spokane Regional Health District Board of Health is [. . .] (3) to comply fully with the requirements of all applicable chapters of Title 70, Revised Code of Washington;

[. . .]

**Article IV – Legislative Powers, Duties and Functions (RCW 70.05)**

[. . .]

**ORDER GRANTING, IN PART, SUMMARY JUDGMENT; REMANDING STATE LAW CLAIMS** ~ 2

3. The Board of Health shall approve the appointment and termination of a District Health Officer. The District Health Officer shall be a qualified physician trained and experienced in public health. The Health Officer shall report to the Administrator.

**Article VII – Meetings and Quorum**

[. . .]

2. Special meetings may be called by the Chair at his/her discretion, at the request of the Executive Secretary, or on the written request of a majority of the members, provided that written notice is given each member and the media at least twenty-four hours prior to the proposed meeting concerning the time, place and subject, except in an emergency, as provided by RCW 42.30.080.

[. . .]

5. In accordance with RCW 42.30.110, the Board shall call executive sessions as necessary.

On October 29, 2020, SRHD's Administrative Officer and Dr. Lutz's supervisor, Amelia Clark, gave Dr. Lutz the opportunity to resign or face termination. He had served as LHO since May 17, 2017. Ms. Clark assumed her role in 2019. Dr. Lutz alleges the offer was a result of months of disagreement and fighting between him and leaders in Spokane County regarding COVID-19 health policies starting in early 2020.

On February 29, 2020, Washington State Governor Jay Inslee declared a statewide emergency to curb the spread of the COVID-19 virus. Dr. Lutz, as the LHO for SRHD, followed state and federal government directives for closures and health regulations related to the pandemic. He received public criticism in the Spokane region for his actions.

Dr. Lutz also drafted and published a series of op-ed articles in local publications in his role as LHO for SRHD on health issues. On May 25, 2020, he drafted an article about structural racism, which Ms. Clark rejected for

**ORDER GRANTING, IN PART, SUMMARY JUDGMENT; REMANDING STATE LAW CLAIMS** ~ 3

publication. On August 9, 2020, Dr. Lutz published an article entitled "COVID has exposed structural racism in public health system," which Ms. Clark approved. On August 23, 2020, he co-authored an article on education, which Ms. Clark initially approved but later expressed concern over its publication. At a September 17, 2020, meeting, the SRHD Board instructed Dr. Lutz to stop publishing articles as a representative of SRHD.

On June 15, 2020, Dr. Lutz was summoned to a meeting with Ms. Clark, SRHD Board Chair Ben Wick, and SRHD Vice Chair Commissioner Mary Kuney for a performance review and reflecting on Dr. Lutz's decision not to start the process to move Spokane to Phase 3 of the Governor's phased plan for communities battling COVID-19 outbreaks. The next day, the Spokane County Board of Commissioners passed a unanimous resolution with a letter to Dr. Lutz demanding he begin the process to move to Phase 3. On June 18, 2020, Dr. Lutz declined based on the medical and scientific data. Dr. Lutz alleges during this time, Ms. Clark circulated a performance improvement plan for him but without his knowledge. He did not receive the documents and they were not placed in his employment file.

On October 14, 2020, Dr. Lutz spoke with media representatives about the possibility of moving Spokane back a phase based on data regarding the spread of COVID-19. Ms. Kuney received a complaint regarding this plan from a constituent, which she forwarded on to Ms. Clark.

On October 29, 2020, Ms. Clark met privately with legal counsel and attended the regular meeting of the SRHD Board. During the meeting, the Board adjourned for a roughly 80-minute executive session. No minutes were provided for the session. Later that day, Ms. Clark asked for Dr. Lutz's resignation, and when he refused, she offered him a draft separation letter. He was removed from the building and employee access revoked.

In an October 30, 2020, news release from SRHD Communications

**ORDER GRANTING, IN PART, SUMMARY JUDGMENT; REMANDING STATE LAW CLAIMS** ~ 4

Manager Kelli Hawkins, SRHD confirmed it had approved of Ms. Clark's plan to request Dr. Lutz's resignation: "Yesterday, the Spokane County Board of Health asked Spokane County Health Officer Bob Lutz to resign, effective Oct. 30, 2020. The decision was made during the executive session of the Board's regular monthly meeting."

On November 5, 2020, the SRHD Board held a special meeting, at which it heard statements from Ms. Clark, Dr. Lutz, and Dr. Lutz's attorney regarding his employment status. He was given 48 hours' notice of the hearing to prepare. After the statements, the Board voted 8–4 to terminate Dr. Lutz as LHO.

During deposition testimony regarding the November 5, 2020, hearing, Dr. Lutz testified that as of October 29, 2020, he was aware the SRHD bylaws required the Board approve his termination. Further, he confirmed he told local media he was "in limbo and awaiting word from the Board regarding my employment status" as of October 31, 2020.

The Washington State Board of Health brought an action against Ms. Clark for the termination, and preliminary investigations showed Dr. Lutz's firing violated state law. An Administrative Law Judge heard the case and reviewed any violations under WAPA and Wash. Rev. Code § 70.05.050. The case was dismissed following Ms. Clark's agreement to resign and not seek the position again.

Dr. Lutz now seeks reinstatement as SRHD's District Health Officer; damages, including for lost wages, lost benefits, lost future earnings, lost earning potential, emotional distress, damage to reputation, pain and suffering, and general damages; pre and post judgment interest; costs; and Section 1983 punitive damages.

## II.     MOTION STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

**ORDER GRANTING, IN PART, SUMMARY JUDGMENT; REMANDING STATE LAW CLAIMS** ~ 5

matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III.    PLAINTIFF'S FEDERAL LAW CLAIMS

**A.    Claim 4 — Fifth and Fourteenth Amendment Due Process**

    ***1.    Legal Standard***

A plaintiff asserting a procedural due process claim for wrongful termination in violation of the federal Fifth and Fourteenth Amendments and pursuant to 42 U.S.C. § 1983 must first show a protected property interest. *See Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). State law defines property interests. *See Roybal v. Toppenish Sch.*

**ORDER GRANTING, IN PART, SUMMARY JUDGMENT; REMANDING STATE LAW CLAIMS** ~ 6

*Dist.*, 871 F.3d 927, 931 (9th Cir. 2017).

If a plaintiff establishes a property interest, then a court can consider what process is due and if it was denied. *See Brewster*, 149 F.3d at 983. But a failure to comply with state law does not necessarily result in a federal due process violation. *See Roybal*, 871 F.3d at 933. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

In federal law, "what process is due is determined by context, to be analyzed in accordance with the three-part balancing test described in *Mathews v. Elridge*." *Roybal*, 871 F.3d at 933 (citing 424 U.S. 319, 334–35). The test considers: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

### 2. Analysis

Wash. Rev. Code § 70.05.050 states:

> **Local health officer—Qualifications—Employment of personnel—Salary and expenses.**
>
> [. . .] No term of office shall be established for the local health officer but the local health officer shall not be removed until after notice is given, and an opportunity for a hearing before the board or official responsible for his or her appointment under this section as to the reason for his or her removal. [. . .]

As this Court previously determined in its Order denying in part and granting in part judgment on the pleadings, ECF No. 20, Dr. Lutz established a property right for his continued employment through Wash. Rev. Code § 70.05.050. He was entitled to continue work until he was given proper notice and

**ORDER GRANTING, IN PART, SUMMARY JUDGMENT; REMANDING STATE LAW CLAIMS** ~ 7

an opportunity to be heard before the SRHD Board regarding his termination. He had a reasonable expectation he would continue to receive the benefits of his role until such time, creating the protected property right. *See Roybal*, 871 F.3d at 932.

Next, the Court considers the *Mathews* test to determine what process Dr. Lutz was owed by SRHD. *See* 424 U.S. at 334–35. Dr. Lutz's private interest was in the loss of his job along with his income and benefits. Under the federal standards for due process, SRHD gave Dr. Lutz the process he was due within the context of his particular case and given the SRHD bylaws and Wash. Rev. Code § 70.05.050. *See Morrissey*, 408 U.S. at 481. It is undisputed that SRHD gave him notice of the November 5, 2020, hearing in advance, and he was given an opportunity to speak at the hearing before the Board voted on his termination. He was aware the bylaws gave the Board control over his employment status.

There are no questions of material fact as to this claim, and Defendant SRHD is entitled to judgment as a matter of law. As such, the Court **grants** SRHD summary judgment as to the federal law components of Claim 4. The court declines to consider the state law claim under Wash. Const. Article I, Section 3.

**B.    Claim 5 — First Amendment Retaliation**

*1.    Legal Standard*

A court reviewing a wrongful termination claim based on First Amendment retaliation and pursuant to Section 1983 must follow the Ninth Circuit's five-step analysis for government employees. *See Hernandez v. City of Phoenix*, 43 F.4th 966, 976 (9th Cir. 2022). A court looks at:

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

**ORDER GRANTING, IN PART, SUMMARY JUDGMENT; REMANDING STATE LAW CLAIMS** ~ 8

*Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

The government employee bears the initial burden of showing both that they spoke on a matter of public concern and in their capacity as a private citizen. *See Connick v. Myers*, 461 U.S. 138, 147 (1983). If they pass this threshold, then the burden shifts to the government employer to show "adequate justification for punishing the employee for his speech." *Hernandez*, 43 F.4th at 976. The employer must show its legitimate interests in its mission "outweigh the employee's right to speak freely." *Id.* (citing *City of San Diego v. Roe*, 543 U.S. 77, 82 (2004) (per curiam)).

### 2. *Analysis*

Considering the *Eng* factors, Dr. Lutz spoke on matters of public concern when he published op-eds on issues of public health, like systemic racism and gun violence. He also spoke in his public role as SRHD LHO, not a private role.

There are no questions of material fact as to this claim, and Defendant SRHD is entitled to judgment as a matter of law. As such, the Court **grants** SRHD summary judgment as to the federal law components of Claim 5. The court again declines to consider the state law claim under Wash. Const. Article I, Section 4 as it relates to this claim.

### IV.  STATE LAW CLAIMS

Plaintiff asserts four state law claims—Claims 1–3 and 6—and state constitutional violations as a part of Claims 4 and 5. Since the Court granted summary judgment as to all federal law claims, it now declines to exercise supplemental jurisdiction over the remaining state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (cautioning federal courts on exercising jurisdiction over state law claims if federal claims are dismissed).

Therefore, the Court **remands** the remaining claims to the state court for further adjudication.

//

**ORDER GRANTING, IN PART, SUMMARY JUDGMENT; REMANDING STATE LAW CLAIMS** ~ 9

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 88, is **GRANTED** in part, as follows:

   a. Summary judgment is **GRANTED** as to the federal law portions of Claim 4 for wrongful termination in violation of Plaintiff's Fifth and Fourteenth Amendment rights.

   b. Summary judgment is **GRANTED** as to the federal law portions of Claim 5 for wrongful termination in violation of Plaintiff's First Amendment rights.

2. The District Court Clerk **shall enter judgment** in favor of Defendant and against Plaintiff for the federal law portions of Claims 4 and 5.

3. The Court declines to assert jurisdiction over the remaining state law claims and **REMANDS** this matter to Spokane Superior Court for further adjudication.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close** the file.

**DATED** this 6th day of March 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING, IN PART, SUMMARY JUDGMENT; REMANDING STATE LAW CLAIMS** ~ 10